## MAMIE SOPER v. E. HUGO ERICKSON.[1]

October 14, 1927.

No. 26,039.

**Whether landlord was negligent and whether tenant was negligent were questions for jury.**
1. Whether the defendant owner of an apartment building in which the plaintiff was a tenant was negligent in having in the hall a carpet with a hole in it, because of which the plaintiff tripped and was injured, and whether the plaintiff assumed the risk or was contributorily negligent, were questions for the jury.

**Verdict for $1,000 not excessive.**
2. The verdict was not excessive.

Damages, 17 C. J. p. 1042 n. 28; p. 1099 n. 15.
Landlord and Tenant, 36 C. J. p. 253 n. 51; p. 254 n. 52, 55 New.

Defendant appealed from an order of the district court for Hennepin county, Nye, J., denying his alternative motion for judgment or a new trial. Affirmed.

*John N. Berg,* for appellant.

*F. D. Larrabee* and *Tautges & Wilder,* for respondent.

DIBELL, J.

Action to recover damages for personal injuries. There was a verdict for the plaintiff for $1,000. The defendant appeals from the order denying his alternative motion for judgment or a new trial.

1. The defendant is the owner of an apartment building in Minneapolis. On September 1, 1923, plaintiff rented an apartment on the third floor. She claims that on November 23, 1923, her right foot was caught in a hole just outside her apartment and that she fell down the stairway sustaining the injury for which she sues. Her claim for recovery is that this hole was negligently allowed to

[1]Reported in 215 N. W. 865.

be in the carpet. The defendant denies that there was such a hole and claims that if there was and if the plaintiff sustained injury by it, she assumed the risk and was contributorily negligent.

The issue of negligence was for the jury. If the testimony of the plaintiff's witnesses was believed—and its truthfulness was for the jury—the hole in the carpet was of a character to be dangerous to a tenant and one which should not have been permitted.

The claim of assumption of risk is the one mostly urged by the defendant as a defense. This was for the jury. Different minds might draw different conclusions whether a tenant making use of the hall, knowing what the plaintiff did about the hole, considering the condition as to light and darkness, appreciated the risk and therefore assumed it. And what is said applies to contributory negligence if in the case at all.

2. The defendant claims that the damages are excessive. After her injury the plaintiff did not see a doctor for something like ten days. He did not testify. She did not complain of the injury to anyone connected with the defendant, although she had ample opportunity, until July, 1924, and that was after process had issued for ejecting her. Such facts tend to make one question the claimed severity of her injury as well as the asserted cause of it. Two reputable physicians, however, gave testimony based on testimony presented in court and upon their physical examination of the plaintiff which justified the jury in finding an injury to the sacro-iliac joint ascribable to the accident and severe enough to sustain the award.

A further discussion of the evidence, either upon the question of negligence or assumption of risk or contributory negligence or amount of damages, is not warranted. The issues were for the jury subject to review by the trial court, which is satisfied that the result of the trial should not be disturbed.

Order affirmed.