MORRIS KLUGMAN v. SARAH R. GENSLER SCHWARTZ AND ANOTHER.[1]

May 13, 1932.

No. 28,668.

*Sarah R. Gensler Schwartz,* pro se.

*Leonard, Street & Deinard,* for respondent.

[1]Reported in 242 N. W. 625.

140

Per Curiam.

Defendant appeals from a judgment against her in the sum of $556.60 for damages sustained and moneys necessarily expended by plaintiff because of personal injuries claimed to have been caused by defendant's negligence. The answer disclaimed liability, denied negligence, asserted that plaintiff assumed the risk, and was guilty of contributory negligence. A counterclaim was interposed for $625 for alleged waste committed by plaintiff upon defendant's premises.

Defendant was the owner of a four-family apartment building in Minneapolis. Plaintiff was a tenant of one of the upstairs apartments. In the building was maintained a stairway leading from the ground floor into the basement for the use of all the tenants. Plaintiff's injury was claimed to have been caused by a fall on the lower step of the stairway. Testimony on his behalf showed that the step was loose and in an unsafe condition and gave entirely away when he stepped on it in descending the stairs. The evidence was conflicting. It was sufficient however to warrant the jury in resolving all of the disputed facts in favor of plaintiff. Defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial, and later for a new trial on the ground of newly discovered evidence.

Defendant presents 15 assignments of error, ten of which have to do with rulings on evidence and instructions to the jury and are not properly here for review. There were no exceptions taken to the charge, and the alternative motion was based only upon the ground that the verdict was contrary to law; that the evidence showed that plaintiff was guilty of contributory negligence as a matter of law; that plaintiff as a matter of law assumed the risk; and that the court erred in refusing to grant defendant's motion for a directed verdict in her favor made at the close of all the testimony in the case. On the state of the record these four are the only alleged assignments for consideration. They probably raise the question as to whether the verdict was properly sustained by the evidence. The trial court in its memorandum stated that the

case so before him merely presented a question of fact; that the jury might have found either way on the evidence without subjecting their verdict to criticism and without the right to have it set aside either because against the weight of the evidence or as a matter of law. In this we think the trial court was correct.

The affidavits supporting the motion for a new trial on the ground of newly discovered evidence do not show the exercise of reasonable diligence in attempting to secure the claimed new evidence. At the most it would be cumulative only. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7127, et seq; § 7130, and cases cited.

Judgment affirmed.