## BEATRICE HEINMAN v. UNITED PROPERTIES, INCORPORATED.[1]

May 23, 1941.

No. 32,692.

*Bundlie, Kelley & Finley,* for appellant.

*Nilva & Frisch,* for respondent.

PER CURIAM.

In an action for personal injuries plaintiff recovered a verdict for $125. Defendant moved for judgment notwithstanding the verdict. The appeal is from the judgment.

Plaintiff was a tenant of a small apartment on the second floor of defendant's building. The first floor was divided into stores, the second into apartments.

There were two regular stairways for the use of the tenants of the apartments. One led down to an entrance which opened onto a street. The other led down to an open court behind the building.

[1]Reported in 298 N. W. 247.

The two bottom steps of the rear stairway were made of concrete. The rest of the stairway was built of wood. About midway between the ends of the second step there was a crack which extended all the way through. The crack was about one-eighth to one-half inch in width and had been filled in with "some substance." On one side of the crack the step was about one-half inch higher than on the other.

On the night of September 8, 1939, plaintiff descended the rear stairway to go to a near-by grocery store to purchase some milk. She wore at the time a pair of high-heel shoes. The heel of one shoe caught in the crack on the second step with the result that the heel came off and plaintiff fell, sustaining the injuries complained of.

There was much contradiction in the testimony. The trial court had the jury view the locus at the request of the parties.

On the appeal, defendant contends that negligence was not shown and that contributory negligence appears as a matter of law.

■ The stairway, being one for the use of defendant's tenants, was a common stairway in the landlord's possession, which he was bound to exercise reasonable care to keep in repair. Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 A. S. R. 613. The crack in the stair and its uneven surface might be dangerous to those using the step. The hazards, if any, incident to the use of the step were of defendant's creation and maintenance. Negligence was a fact question for the jury. Klugman v. Schwartz, 186 Minn. 139, 242 N. W. 625.

■ The claim that plaintiff was guilty of contributory negligence is based upon the proposition that she had a choice of two stairways, the one to the front, which was safe, and the one to the rear, which was unsafe, and that she was negligent in choosing the unsafe one. Defendant relies on Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187. In that case the front steps were the regular means of ingress and egress. There was a rear stairway, which was not a regular means of ingress and egress. Plaintiff

there was injured while attempting to leave the building by the rear stairway, which was not lighted, and in doing so tripped and fell over a broom. It appeared that the rear stairway was obviously dangerous, and plaintiff was held guilty of contributory negligence for selecting an obviously dangerous egress when a safe one was available to him. In the instant case it was for the jury to say whether or not both stairways were regular means of ingress and egress. The rear stairway here was not obviously dangerous. Plaintiff did not choose between an obviously dangerous stairway and a safe one as a matter of law. This distinction was pointed out in Jewell v. Blanchett Inv. Co. 199 Minn. 267, 271 N. W. 461, where the plaintiff was injured while using a side stairway in a hotel which had a front stairway. Both stairways were for the regular use of the hotel guests. We there held that the Tourangeau case was not in point for the reason, among others, that plaintiff there was injured on a stairway which was not a regular means of ingress and egress and that the rule laid down there was not applicable where the plaintiff was injured on a stairway which was one of two regular means of ingress and egress. The Blanchett rather than the Tourangeau case controls decision here. Whether or not plaintiff was contributorily negligent was a question for the jury. Soper v. Erickson, 172 Minn. 377, 215 N. W. 865.

The issues were fully and fairly tried, and the evidence sustains the verdict.

Affirmed.