AUXILIE McGENTY v. JOHN A. STEPHENSON AND
COMPANY AND ANOTHER.[1]

October 6, 1944.

No. 33,809.

[1]Reported in 15 N. W. (2d) 874.

*Gillette, Nye, Harries & Montague* and *William O. Bissonett,* for appellant.

*James J. Courtney,* for respondent.

PETERSON, JUSTICE.

This is a personal injury action in which plaintiff recovered a verdict against the defendants, Walter H. McGenty, her son, and John A. Stephenson and Company. Defendant company moved separately in the alternative for judgment notwithstanding the verdict or a new trial, and both defendants jointly made a similar motion. The company was granted a new trial. The joint motion was denied as to defendant McGenty, who for the purpose of convenience will be referred to herein as "the defendant," and he appeals.

Plaintiff, a woman 69 years old, was injured while walking in a hall of an apartment building owned by the defendant by tripping or stumbling on a metal floor plug used for cleaning plumbing drainpipes which projected approximately a quarter or three-eighths of an inch above the floor level. Defendant was in possession and control of the hall as one reserved for the use of himself and the tenants of the building. Pursuant to defendant's invitation, plaintiff was in the building for the purpose of looking at some chairs in the storeroom. She went to the caretaker's apartment, and, not finding him there, she then went down the hall toward the storeroom. She had been in the building a few times before and evidently was familiar with the halls, stairs, and storeroom. The hall was dimly lighted. Plaintiff did not see the floor plug because of the dim light. She fell forward and down a flight of three steps about 3½ feet forward from the floor plug to the floor level where the storeroom was.

Plaintiff's claim was that defendant's maintenance of the projecting floor plug in the dimly lighted hall was negligence. Defendant claimed that his invitation to plaintiff to come upon his property was confined to the area leading to the caretaker's apartment and that when she proceeded beyond that point down the hall where she was injured she became at most a licensee, who took the premises as she found them. This contention is based on plaintiff's testimony that she "went to the caretaker's door and rang the bell" and that that was the place she was going to meet him. Defendant's testimony was to the effect that she had been in the building before to exchange furniture kept by him in the storeroom and that on the occasion in question the "janitor [caretaker] would let her into the storage room." Further, he claimed that he was not negligent and that plaintiff was guilty of contributory negligence not only in failing to discover the conditions of which she now complains, but also in venturing through the dimly lighted hall where her vision of conditions there existing was obscured.

■ The rule is as defendant claims. "When an invitee steps beyond the bounds of his invitation he becomes a mere licensee and must take as he finds it the part of the premises he then enters." Schmidt v. George H. Hurd Realty Co. 170 Minn. 322, 325, 212 N. W. 903, 904. The evidence here made the scope of the invitation a fact question. By its terms it was not limited to plaintiff's going to the caretaker's apartment. According to defendant's own testimony, the invitation was in general terms to go upon the premises to examine chairs in the storeroom, to which the caretaker would admit her. This clearly contemplated that she would go to the storeroom and that the caretaker would be at the storeroom to let her in or that she would meet him somewhere on the premises for the purpose. It certainly did not mean that she should not go to the storeroom or that she should go only to the caretaker's apartment. Her testimony that she was to meet the caretaker at his apartment is susceptible, under the circumstances, of the construction that she expected to meet him there; not that the invitation to go upon the premises was limited to her going there. The trial

court properly submitted the question as to the scope of the invitation to the jury, and the finding implicit in the verdict that she was an invitee at the time of injury is sustained by the evidence.

■ A possessor of premises, while not an insurer, is under a continuing duty to exercise reasonable care to construct and to maintain his premises in a reasonably safe condition for the use of invitees, express or implied. The rule is commonly applied in cases involving halls and stairways, as here, reserved for use of the possessor's and his tenant's invitees. Anderson v. Winkle, 213 Minn. 77, 5 N. W. (2d) 355; Heinman v. United Properties, Inc. 210 Minn. 343, 298 N. W. 247. Maintaining a floor with a defect of such a character as to constitute a hazard to those walking thereon, as, for example, a small hole in which the heel of a woman's shoe caught, is negligence. Hastings v. F. W. Woolworth Co. Inc. 189 Minn. 523, 250 N. W. 362. An obstacle over which a person might trip is no different in principle. Kern v. Great A. & P. Tea Co. 241 N. Y. 600, 150 N. E. 572. Especially is this true where the location is dimly lighted or otherwise obscured. Soper v. Erickson, 172 Minn. 377, 215 N. W. 865; McCormack v. B. F. Keith Corp. 268 N. Y. 696, 198 N. E. 563. Here, the evidence was such as to sustain a finding that defendant was negligent, because the protrusion of the plug might cause a person to stumble and fall and because a person walking in the hall might not see it in the dim light. The fact that the obstruction was a small one does not change the case; the very fact that it was small might be a source of danger, because persons might not see a small object as readily as a large one. Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507; Powers v. Village of Mechanicville, 163 App. Div. 138, 148 N. Y. S. 452. The evidence made the question of negligence a fact question.

■ The contention that plaintiff was guilty of contributory negligence rests upon the claim that she knew that the hall was dimly lighted and that by electing to proceed she negligently risked the dangers which she encountered. The evidence fails to show that plaintiff knew of the existence of the floor plug or any danger arising from that source. Whether she should have seen it and avoided

stumbling or tripping over it was a fact question. Soper v. Erickson, 172 Minn. 377, 215 N. W. 865, *supra* (a hole in a carpet in a hall of which a tenant had knowledge and which caused her to trip and fall). It must be borne in mind that the obstacle was small and the light was dim. The instant case is to be distinguished from cases like Sartori v. Capitol City Lodge, 212 Minn. 538, 4 N. W. (2d) 339; Plahn v. Masonic Hall Bldg. Assn. 206. Minn. 232, 288 N. W. 575; and similar cases where we have held that a plaintiff was guilty of contributory negligence by entering a dark hall or stairway and unnecessarily encountering unknown dangers. Here, the plaintiff encountered only what appeared to her to be a safe hallway, which turned out to be dangerous in fact because of the conditions which have been stated.

Affirmed.

[1]Reported in 15 N. W. (2d) 871.