PEARSON, TILLMAN, Chief Judge
(dissenting).
The conclusion which I have reached in this case is contrary to that reached by the majority. While I recognize the strong *777 possibility that their reasoning is correct, I must respectfully dissent and briefly set out my reasons.
The general rule which I find applicable is that if the lessee-knows the common approaches to his apartment have been made dangerous for use by the lessor’s failure to perform his duty to maintain them in a safe condition, the lessee’s knowledge of the dangerous condition will not put him in contributory fault as a matter of law unless the danger is so great that it is unreasonable for him to pass over the area which has been made dangerous, or if he fails otherwise to exercise that caution which a reasonable man would exercise under the circumstances. See discussion at 25 A.L.R.2d 472 and cases cited therein, particularly Soper v. Erickson, 172 Minn. 377, 215 N.W. 865; Keating v. Mott, 92 App.Div. 156, 86 N.Y.S. 1041. See also 2 Restatement of Torts, Section 360.
The charge of negligence appears to be that the landlord carelessly maintained the common hall in an unsafe condition. While this landlord’s duty to inspect such premises is not measured by the duty of the operator of a public building to maintain a public hallway, yet First Federal Savings & Loan Ass’n of Miami v. Wylie, Fla.1950, 46 So.2d 396, 397, may be significant because the complaint there was to the effect that the floor was negligently and carelessly maintained and that the condition “was known to the defendant, or by the exercise of reasonable care and diligence should have been known to the defendant but * * * was not known to the plaintiff.” The allegation quoted is very close to that of the pleader in the instant complaint. See also Karen Gardens v. Walen, Fla.1954, 71 So.2d 732.
In reference to the last part of the allegation, i. e., “was not known to the plaintiff” it was held in the case of Welch v. Moothart, Fla.1956, 89 So.2d 485, 487 that an allegation of freedom from contributory negligence contained in a complaint was not part of a claim for relief and amounted to mere surplusage.
I would reverse.