BESSIE WOLVERT AND ANOTHER v. HJALMER GUSTAFSON
AND OTHERS.
WAYNE DUNEMANN, RESPONDENT.

146 N. W. (2d) 172.

November 4, 1966—No. 39,835.

*Nolan, Alderman & Holden* and *Richard H. Breen,* for appellants.

*O'Connor, Green, Thomas, Walters & Kelly* and *Kenneth W. Green,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying plaintiffs' motion for new trial.

This action was originally commenced against Hjalmer Gustafson, who was the record owner of the Deep Rock Gasoline Station in Brainerd, Minnesota; Kerr-McGee Oil Industries, Inc., the record lessee thereof; and Wayne Dunemann, operator of the gasoline station, as sublessee. Dunemann will be referred to hereafter as defendant.

Plaintiffs, Bessie Wolvert and her husband, own and operate a dairy farm near Brainerd. On June 6, 1963, Mrs. Wolvert went to defendant's filling station for the purpose of having a tire mounted on her car. She drove into the station, parked her car in the driveway of the garage, and entered the station through the garage door, which was open. After arranging for the tire, she left the station through a door which exits from the office part of the station. Immediately adjacent to the office there is a platform or sidewalk which leads to the main driveway of the station. To reach the driveway it is necessary to step down off this platform or apron. Mrs. Wolvert testified that as she proceeded to step down onto the driveway with her right foot she encountered a hard, round, foreign object, which rolled under her foot and caused her to fall and sustain the injuries for which she now seeks recovery. She did not see any foreign object nor did anyone else. Defendant's employee testified that he customarily swept the premises in the evening and frequently during the daytime when it was necessary. He had swept the garage and the adjacent sidewalk a few minutes before Mrs. Wolvert arrived and he had made an observation of the driveway and saw no foreign objects on it necessitating any sweeping.

At the conclusion of the evidence the court ordered dismissal of the action with prejudice as to all defendants on the grounds that there was no proof of negligence. Plaintiffs now concede that they have no cause of

action against defendants Kerr-McGee Oil Industries, Inc., or Hjalmer Gustafson, so the appeal concerns only the liability of Wayne Dunemann.

■ The rules pertaining to the liability of a shopkeeper are well established in this state. A shopkeeper is not an insurer of the safety of business invitees, but he owes those expressly or impliedly invited upon his premises the duty to keep and maintain his premises in a reasonably safe condition. Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586. The standard of care remains the same whether the business is conducted indoors or outdoors. Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Behrendt v. Ahlstrand, 264 Minn. 10, 118 N. W. (2d) 27.

■ Where defendant and his employees have not caused the dangerous condition, the burden is on plaintiff to establish that the operator of the premises had actual knowledge of the defect causing the injury or that it had existed for a sufficient period of time to charge the operator with constructive notice of its presence.

Our cases on this subject have been so frequently discussed and analyzed that it would be useless to repeat what we have heretofore said.[1]

Plaintiffs contend this case is distinguished from the facts of our former cases for the reason that the object on which Mrs. Wolvert claims she stepped was lying in an area which had been cleaned a few minutes prior to the accident and that negligence is inferable from the fact that defendant's employee either failed to see the object or was in some way responsible for its being there. This contention is not strictly in accordance with the record. Defendant's employee testified that he swept the garage and the sidewalk adjacent to it a short time before Mrs. Wolvert fell, but that he did not sweep the driveway. He made an observation as to whether the driveway was free from foreign substance and said that it

---

[1] See, for instance, Norman v. Tradehome Shoe Stores, Inc. 270 Minn. 101, 132 N. W. (2d) 745; Behrendt v. Ahlstrand, 264 Minn. 10, 118 N. W. (2d) 27; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Messner v. Red Owl Stores, Inc. 238 Minn. 411, 57 N. W. (2d) 659; Saari v. S. S. Kresge Co. 257 Minn. 290, 101 N. W. (2d) 427.

was clear and there was no necessity for sweeping it. If she did step on a foreign object, it must of necessity have been on the driveway and not on the sidewalk or the portion of the premises which defendant's employee said he swept. Even if it is the duty of a filling-station operator to keep his premises, including a driveway, free from all pebbles and stones (which is doubtful), the missing link here is that no one ever saw any foreign object; and neither Mrs. Wolvert nor anyone else was able to state what it was that she contends she stepped on, causing her to fall; how it came to be there, if there it was; or how long it had been there. In view of the testimony of defendant's employee that he had made an observation of the driveway shortly before she arrived and there was nothing there then, some further proof would be necessary in order to charge defendant with constructive notice of the existence of a defect for such a period of time as to establish a violation of his duty in not eliminating the defect. The facts in the case of Sears, Roebuck & Co. v. Barkdoll (8 Cir.) 353 F. (2d) 101, are almost identical to those in the case now before us. The court there, following Minnesota law, held that the proof was insufficient to warrant recovery.

Under these circumstances the court properly dismissed the action with prejudice.

Affirmed.