KENNETH D. BERRY v. G. ADOLPH HAERTEL, d.b.a. HAERTEL'S FEED & SEED, AND ANOTHER.

170 N. W. (2d) 558.

August 29, 1969—No. 41186.

*Kenneth W. Green* and *O'Connor, Green, Thomas, Walters & Kelly,* for appellants.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment entered pursuant to a jury verdict and from the denial by the trial court of defendant's alternative motion for judgment notwithstanding this verdict or for a new trial.

On November 7, 1961, the plaintiff, Kenneth Berry, a 47-year-old employee of the city of Minneapolis, was working as a helper on a truck which was used to move heavy metal forms into place ahead of a paving crew and to run various errands for the crew. During November, it was necessary to cover the newly poured concrete with hay during the drying process to prevent freezing. In the late afternoon, plaintiff's truck was sent to defendant's

place of business at 42nd Street and Lyndale Avenue North to pick up some hay. Defendant, a feed, seed, and garden-supply dealer, had been supplying hay to the city under a contract for about 20 years. The hay was stored inside a 40 by 100-foot wood frame building which defendant had occupied since 1934. Its floor consisted of wood planks, 6 inches wide and an inch thick. There was no basement underneath this floor.

Plaintiff's truck pulled up to the loading dock at the side of the building. There is some dispute in the record over whether someone from the truck went immediately to defendant's office to sign an order slip for the hay, as was the usual practice before loading began. In any event, plaintiff proceeded into defendant's building and began carrying out bales of hay on a two-wheeled cart and loading them on the truck. When the truck had been almost filled, one of the floor boards in the building gave way underneath plaintiff, and his right leg went down into the resulting hole up to his hip. This floor had not been repaired or replaced since defendant first occupied the building in 1934. However, defendant had not observed any breaks or cracks in the boards prior to this incident, and the board which broke appeared normal to plaintiff before it gave way and did not appear to be rotten when inspected thereafter.

Plaintiff returned with the hay to the construction site, reported the accident, and had an antiseptic swabbed onto the scrapes and scratches on his leg. The next day he went to General Hospital, complaining of low back pain. He returned to work shortly thereafter but testified that he was no longer able to do any heavy work. In December, he quit and, apart from several short, unsuccessful efforts, has not worked since. Three and one-half years after the accident, plaintiff brought this action against defendant, alleging that the floor of defendant's building had been negligently constructed and maintained and that he had suffered $125,000 in damages as a result of his fall when that floor gave way beneath him.

After a trial, a jury returned a $32,500 verdict for plaintiff.

Defendant's alternative motion for judgment notwithstanding the verdict or for a new trial was denied, and defendant appeals.

The evidence establishes that plaintiff is physically unable to do the kind of heavy physical labor which has been his only life's work. On appeal, defendant does not contend that plaintiff's disability was not caused by the accident on defendant's premises. Instead, defendant contends that (1) the trial court erred in holding that plaintiff was a business visitor as a matter of law; (2) the trial court failed to instruct the jury properly on the extent of the defendant's duty to foresee the risk and remedy it or warn of its existence; (3) the evidence does not support a finding that the defendant knew of, or should reasonably have discovered, the risk; and (4) the verdict was excessive due to passion and prejudice resulting from prejudicial testimony and improper argument by plaintiff's counsel.

■ The trial court held that plaintiff was, as a matter of law, a business visitor. In determining whether a person is a business visitor, we have applied the rule adopted by Restatement, Torts, § 332:

"A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them." [1]

See, Klingbeil v. Truesdell, 256 Minn. 360, 98 N. W. (2d) 134; Meyer v. Mitchell, 248 Minn. 397, 80 N. W. (2d) 450; Yeager v. Chapman, 233 Minn. 1, 45 N. W. (2d) 776, 22 A. L. R. (2d) 1260.

There can be no doubt that plaintiff was a business visitor invited by defendant to his premises. Defendant, however, contends that the scope of his invitation to plaintiff did not extend to the inside of the storage building. Defendant argues that the evidence shows it was customary practice for someone from the buyer's truck to go to the office for an order slip and then wait for defendant's employees to come out and help load the hay. De-

[1] Now, Restatement, Torts (2d) § 332(3).

fendant claims that under the evidence plaintiff was arguably exceeding the bounds of the invitation in entering the building without an order slip and in loading the hay himself and, thus, was at most a mere licensee. See, McGenty v. John A. Stephenson & Co. 218 Minn. 311, 15 N. W. (2d) 874. He insists that the trial court should have submitted this issue to the jury. We do not agree.

As we read the record, it appears without significant dispute that city employees, such as plaintiff, had entered defendant's building in the past to help with loading the hay. None of them had ever been instructed or warned not to enter the building. Further, defendant testified that he had no objection to their doing so. This evidence compels the conclusion that city employees were invited or encouraged to go into all parts of defendant's premises to which the purpose of their business visit might reasonably be expected to take them. Under the definition we have adopted, we hold that the trial court did not err in concluding that plaintiff was a business visitor as a matter of law at the time the floor board gave way.

■ The possessor of property used by business visitors, while not an insurer of its safe condition, must use reasonable care to construct and maintain his premises in a reasonably safe condition. Wolvert v. Gustafson, 275 Minn. 239, 146 N. W. (2d) 172; Norman v. Tradehome Shoe Stores, Inc. 270 Minn. 101, 132 N. W. (2d) 745; Mayzlik v. Lansing Elev. Co. 241 Minn. 468, 63 N. W. (2d) 380. The law imposes upon him an affirmative duty to protect such invitees, not only against dangers known to him but also against those which with reasonable care he might discover. See, Wolvert v. Gustafson, *supra*; Zuercher v. Northern Jobbing Co. 243 Minn. 166, 66 N. W. (2d) 892. Defendant contends that the trial court erred by failing to specifically instruct the jury that defendant could be found negligent only if he knew of the existence of a dangerous condition or should reasonably have discovered, foreseen, or anticipated the existence of such a condition, and failed to remedy it or warn plaintiff of it. On

this issue, the trial court in essence gave Minnesota Jury Instruction Guides, Instruction 333:

"A possessor of land has a duty to a business visitor to use reasonable care to make his premises reasonably safe for the business visitor or to give him adequate warning to enable the business visitor to avoid harm from dangerous conditions on the premises * * * if:

"1. The possessor knows of, or by the use of reasonable care could discover, a condition on his premises which he should realize involves an unreasonable risk to the business visitor, and

"2. The business visitor has no present knowledge of the danger or present realization of the risk involved."

Defendant did not clearly and expressly request the trial court to give a specific instruction on his theory of the case, which emphasized the factors of notice of the dangerous condition and foreseeability of the risk. While the trial court might have been well advised to give such an instruction had defendant properly requested it, the instruction given fully and fairly states the law in Minnesota. See, Wolvert v. Gustafson, *supra;* Zuercher v. Northern Jobbing Co. *supra;* Mayzlik v. Lansing Elev. Co. *supra.* In the context of this uncomplicated fact situation, that instruction explained to the jury in an understandable way defendant's duty to protect a business visitor only from those dangerous conditions known to him or which he could have discovered by the exercise of reasonable care. It may be noted that whatever deficiency there may have been in the court's instruction as to defendant's specific legal theory was remedied by the fact that counsel for both parties fully and vigorously argued this issue to the jury. We are not persuaded that the instruction given by the trial court was legally insufficient. See, Lommen v. Adolphson & Peterson Const. Co. 283 Minn. 451, 168 N. W. (2d) 673.

Defendant also argues that the evidence is insufficient to support a finding of negligence. A possessor's duty of reasonable care toward business visitors includes the duty to inspect

the premises. Bonniwell v. St. Paul Union Stockyards Co. 271 Minn. 233, 135 N. W. (2d) 499; Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247; Anderson v. Winkle, 213 Minn. 77, 5 N. W. (2d) 355. The building was under defendant's dominion and control for 27 years prior to plaintiff's injury, and the floor had never been repaired or replaced. Defendant is chargeable with knowledge of the effect of the forces of nature on a wooden floor over this many years. Anderson v. Winkle, *supra*. While defendant's son-in-law testified that the floor had been casually and periodically observed and seemed to be normal, the board which gave way had been covered with hay from time to time. There is no evidence that defendant ever examined this specific board. This evidence would permit reasonable men to infer that defendant had been negligent in failing to discover the dangerous condition of this board and remedy it or warn plaintiff of its existence. We would not be justified in concluding that the evidence was insufficient as a matter of law to support the jury's finding.

Defendant finally contends that certain testimony and the argument of plaintiff's counsel were so fraught with emotion that passion and prejudice was aroused in the jury, resulting in an excessive verdict. We have carefully examined each portion of the record cited and are persuaded that, considered separately or together, they do not justify granting a new trial.

Affirmed.