**Kay GOW, Appellant,**

v.

**Daniel TURNQUIST, Respondent.**

**No. C7–91–265.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

Keith M. Brownell, Terri Ann Blomfelt, Duluth, for appellant.

Brian R. McCarthy, Crassweller, Magie, Andresen, Haag & Paciotti, P.A., Duluth, for respondent.

Considered and decided by CRIPPEN, P.J., FOLEY and DAVIES, JJ.

## OPINION

FOLEY, Judge.

Appellant Kay Gow challenges the trial court's grant of summary judgment to respondent Daniel Turnquist on her claim of negligence. We reverse and remand for trial.

## FACTS

Appellant was injured when she fell from an unrailed deck at respondent's home near Two Harbors, Minnesota during a party. Respondent hosted a birthday party for his wife Kim. Guests were by invitation only. A band played in the garage, and respondent had provided a portable toilet near the garage for guests. The house was kept dark to discourage people from using it. Only close friends helping with the party and band members storing their instruments had permission to use the house. The house had two entrances. The porch entrance was dark; the kitchen entrance was illuminated for those who were allowed to be in the house.

Appellant admits she was not invited to the party. She heard about it from people at a bar in town. Appellant arrived at the party with her sister and her sister-in-law. Appellant asked a friend where the bathroom was. She claimed she did not see the outdoor toilet and followed her friend into the house. They used the porch stairs entrance, which appellant admits was completely dark. The sister and sister-in-law stated they saw the outdoor toilet but used the indoor bathroom because the outdoor toilet was crowded.

In the kitchen, appellant met Kim, who told appellant nobody was allowed in the house. Appellant apologized and asked where the bathroom was. Kim told her to use the indoor bathroom but not to return. She used the bathroom and exited through the porch door, again in complete darkness. She testified in deposition that she was unaware of the kitchen exit and nobody told her not to use the porch door. When walking down the porch stairs, appellant fell, sustaining facial injuries.

The trial court concluded appellant was a trespasser when entering the house because she had no permission to be in the house. The court further stated: "Even though [appellant] was allowed to use the bathroom * * *, she was still a trespasser to the rest of the house, including the porch."

## ISSUE

Did the trial court err in granting summary judgment because respondent owed no duty of care to appellant?

## ANALYSIS

A motion for summary judgment is designed to determine whether issues of fact exist. Minn.R.Civ.P. 56.03. It is not used to decide disclosed and disputed issues of material fact. *Id.*

A motion for summary judgment may be granted pursuant to Rule 56.03 only if, after taking the view of the evidence most favorable to the nonmoving party, the movant has clearly sustained his burden of showing that there is no *genuine issue* as to any *material fact* and that he is entitled to judgment as a matter of law. It is essential to bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of the evidence which is most favorable to him. The salutary purpose and useful function of summary judgment proceedings as a means of securing the just, speedy, and inexpensive determination of the action * * * is well recognized, but resort to summary judgment was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. In other words a summary judgment is proper where there is no issue to be tried but is wholly erroneous where there is a genuine issue to try.

*Sauter v. Sauter*, 244 Minn. 482, 484–85, 70 N.W.2d 351, 353 (1955) (footnotes omitted) (emphasis in original).

■ Because there are genuine issues of material fact as to whether respondent owed a duty to appellant, summary judgment here was inappropriate. Under the facts presented, a jury could reasonably find respondent owed appellant a duty either because appellant was a known trespasser or because she had permission to use the bathroom.

■ Ordinarily, a landowner is under no duty to warn or use reasonable care for the safety of a trespasser. Restatement (Second) of Torts § 333 (1965). However, there are several exceptions to this general rule of nonliability. For example, when a landowner has activities on the land,

> if a possessor of land knows, or from facts the possessor knows or has reason to know, that a trespasser is present on the premises, then, unless the trespasser is already aware or from facts the trespasser knows or should be aware of the activities and of the risk involved, the possessor of land has a duty:
>
> > 1. To use reasonable care for the safety of the trespasser while carrying on his activities, or
> >
> > 2. To use reasonable care to warn the trespasser of the danger or risk involved.

4 Minnesota Practice, CIV. JIG 327 (3d ed. 1986).

In light of this rule, there are fact questions whether respondent had a duty to appellant. First, because Kim met appellant in the kitchen, there is a fact question whether the knowledge of appellant's presence changed the duty the landowner owed to her. Moreover, because appellant knew the porch stairs were completely dark, there is a fact question whether she knew or should have been aware of the risks involved in using that exit, thus negating the Turnquists' duty to her.

■ The record also could support a finding appellant was not a trespasser. She had Kim's permission to use the indoor bathroom and could have been an invited entrant onto the premises. Minnesota no longer distinguishes between licensees and invitees for the purpose of determining a landowner's duty of care. *Peterson v. Ba-*

*lach,* 294 Minn. 161, 164, 199 N.W.2d 639, 642 (1972). Rather, a landowner owes a duty to licensees and invitees to use reasonable care for their safety, regardless of the status of the individuals. *Id.* at 173–74, 199 N.W.2d at 647. The landowner no longer has this duty, however, if the entrant exceeds the scope of the invitation. *See Sarsfield v. St. Mary's Hosp.*, 268 Minn. 362, 365, 129 N.W.2d 306, 308 (1964) (landowner only has a duty to an entrant when he enters and leaves the premises by the usual and customary way). The area of invitation varies

> "with the circumstances of the case. It extends to the entrance of the property, and to a safe exit after the purpose is concluded; and it extends to all parts of the premises to which the purpose may reasonably be expected to take him, and to those which are so arranged as to lead him reasonably to think that they are open to him."

*Behrendt v. Ahlstrand,* 264 Minn. 10, 14–15, 118 N.W.2d 27, 30 (1962) (quoting Prosser, Torts 2ed. § 78 p. 458). The scope of an invitation may be a question of fact. *McGenty v. John A. Stephenson & Co.*, 218 Minn. 311, 313, 15 N.W.2d 874, 875 (1944).

Because there are fact questions as to whether appellant was invited to use the indoor bathroom and whether she exceeded the scope of her invitation, summary judgment was inappropriate. A reasonable jury could find appellant did indeed have permission to be in the home for the purpose of using the bathroom. It would then be a fact question whether appellant exceeded the scope of that invitation by using the back porch exit rather than the side exit. A jury should be allowed to determine whether permission to use the bathroom implicitly included permission to use the back exit or whether it was reasonable for appellant to assume it did.

## DECISION

We think there are sufficient issues of fact which should be reserved for trial on the merits. A jury must determine wheth-

er respondent's duty toward appellant changed when she was given permission to use the indoor bathroom. If so, whether appellant exceeded the scope of that permission by using the back exit. We therefore reverse the trial court's grant of summary judgment in favor of respondent and remand for trial.

Reversed and remanded.