**Ted GRADJELICK, et al., Appellants,**

v.

**Leland HANCE, et al., Connie Jo Klosterman, Respondents.**

**No. C4–00–2161.**

Court of Appeals of Minnesota.

May 29, 2001.

Andrew S. Birrell, R. Travis Snider, Birrell & Dunlap, Ltd., Minneapolis, MN, (for appellants).

Lisa M. Lamm, Abrams & Smith, P.A., Minneapolis, MN, (for respondents Hance, et al.).

Timothy J. Leer, Johnson & Condon, P.A., Minneapolis, MN, (for respondent Klosterman).

Considered and decided by G. BARRY ANDERSON, Presiding Judge, LANSING and HALBROOKS, Judges.

## OPINION

G. BARRY ANDERSON, Judge

Appellants, injured in an apartment building fire, challenge the district court's grant of summary judgment to the building owner, arguing that the district court (1) erred by applying the wrong legal standard; (2) erred by granting summary judgment when there were genuine issues of material fact in dispute; and (3) abused its discretion by refusing to grant a continuance so appellants could complete discovery. We affirm.

## FACTS

On April 25, 1999, a fire broke out in a mixed-use building in Excelsior, Minnesota. The two-story building, constructed more than 100 years ago, houses a hardware store on the first floor and nine apartments on the second floor. The State Fire Marshal concluded that the fire started about 6:00 a.m. in respondent Connie Jo Klosterman's apartment from a carelessly discarded cigarette.

Appellants Ted and Nicki Gradjelick's apartment was located across the hall from Klosterman's. They smelled smoke at approximately 6:00 a.m. and called 911. Appellants then opened their windows and waited for the fire department to arrive.

Upon their arrival, the firefighters helped Nicki Gradjelick out of the apartment window. But before they were able to retrieve Ted Gradjelick, a blast of heat knocked him out the window and onto the sidewalk below. Ted Gradjelick sustained a multiple compound fracture of the right leg, first-degree burns on his back and legs, and injuries to his back and knee.

Appellants brought a negligence action against respondents Leland and Patricia Hance, the owners of the building since 1982, alleging that the building had been maintained in a negligent and careless manner, and that negligence was the proximate cause of appellant Ted Gradjelick's injuries. Specifically, appellants alleged that the Hances violated National Fire Protection Association (NFPA) standards and the Uniform Building Code and failed to correct at least five "dangerous conditions" in the common areas of the building.

Appellants and respondent Klosterman each retained an expert to investigate the fire scene. Both experts (1) concluded that the fire started in Klosterman's apartment, (2) noted several dangerous conditions and code violations in the building, and (3) concluded that but for respondent Hances' negligence and the code violations, the fire could have been contained in Klosterman's apartment.

The Hances moved for summary judgment, alleging that they had no actual or constructive knowledge that the building was unsafe or that there were any code violations. The Hances relied, in part, on an annual building inspection that was completed three months before the fire. The State Fire Marshal had concluded that the multi-purpose building met all requirements of the Uniform Fire Code. The Hances, who live in Colorado, also asserted that they had no independent knowledge of any possible code violations because they did not receive complaints from any tenants about potential code violations between the date of the fire marshal's inspection and the fire.

The district court granted summary judgment in favor of the Hances, holding:

> It is quite clear that under these circumstances and relevant case law [the Hances] had no actual or constructive knowledge of any fire code violations or hazardous conditions in their apartment building.

Appellants challenge the district court's grant of summary judgment to the Hances.

## ISSUES

I. Did the district court err in granting summary judgment by applying the wrong legal standard?

II. Did the district court err in granting summary judgment by concluding as a matter of law that there were no material facts in dispute?

III. Did the district court abuse its discretion by failing to grant appellants a continuance to allow further discovery?

## ANALYSIS

■■■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, we determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

Appellants allege that the district court applied the wrong legal standard and that there are genuine issues of material fact in dispute. Appellants also argue that the district court abused its discretion by refusing to grant a continuance to allow appellants to complete discovery.

### I.

■■■ A defendant is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the plaintiff's claim. *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). Thus, to survive summary judgment, appellants must establish a prima facie claim of negligence. *Id.* The elements of negligence are

> (1) duty; (2) breach of that duty; (3) that the breach of duty be the proximate cause of plaintiff's injury; and (4) that plaintiff did in fact suffer injury.

*Hudson v. Snyder Body, Inc.,* 326 N.W.2d 149, 157 (Minn.1982) (citation omitted). The existence of a legal duty is a matter of law that this court reviews de novo. *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn. 1985).

■■■ At common law, a landlord is not liable to a tenant for any damage caused by defective conditions existing at the time of the lease. *Drager v. Aluminum Indus. Corp.,* 495 N.W.2d 879, 885 (Minn.App. 1993), *review denied* (Minn. Apr. 20, 1993); *Oakland v. Stenlund,* 420 N.W.2d 248, 251 (Minn.App.1988), *review denied* (Minn. Apr. 20, 1988). Courts have recognized four exceptions to this general rule: (1) hidden dangerous conditions on the premises known to the landlord but unknown to the tenant; (2) land leased for purposes involving admission to the public; (3) premises still in control of the landlord; and (4) the landlord's negligent repair of the premises. *Oakland,* 420 N.W.2d at 251; *Broughton v. Maes,* 378 N.W.2d 134,

135 (Minn.App.1985), *review denied* (Minn. Feb. 14, 1986).

■ The supreme court established landlord liability for a hidden dangerous condition in *Johnson v. O'Brien,* 258 Minn. 502, 105 N.W.2d 244 (1960). The *Johnson* court held that:

> [W]here a landlord has information which would lead a reasonably prudent owner exercising due care to suspect that danger exists on the leased premises at the time the tenant takes possession, and that the tenant exercising due care would not discover it for himself, then he must at least disclose such information to the tenant.

*Id.* at 506, 105 N.W.2d at 247. Accordingly, the common-law rule in Minnesota is that a landlord has a duty to warn a tenant if the landlord knows or should know of the danger and if the tenant, exercising due care, would not discover it. *Broughton,* 378 N.W.2d at 136.

■ Appellants contend that the district court, when relying on *Bills v. Willow Run I Apartments,* 547 N.W.2d 693 (Minn. 1996), erroneously applied the wrong legal standard when reviewing the Hances' motion forHH summary judgment. Appellants assert that while *Bills* may relieve the Hances from liability under a negligence per se theory, it does not relieve them from liability for ordinary negligence. Under Minnesota law, negligence per se is a form of ordinary negligence that results from violation of a statute and may exist when the reasonable-person standard is supplanted by a standard of care established by the legislature. *Seim v. Garavalia,* 306 N.W.2d 806, 810 (Minn. 1981).

In *Bills,* the plaintiff was injured when he fell on a landing outside of his apartment building. *Bills,* 547 N.W.2d at 693–94. The plaintiff sued the apartment building owner under a negligence per se theory, alleging that the landing handrails and risers violated the Uniform Building Code (UBC). *Id.* At trial, the building inspector testified that he inspected the building after the accident and found a UBC code violation. The building, however, had been issued a certificate of occupancy. *Id.* The inspector stated that the issuance of a certificate of occupancy "would lead a reasonable building owner to believe that the building met all of the UBC requirements." *Bills,* 547 N.W.2d at 694. The plaintiff did not present evidence showing that the building owner knew of the code violation, but argued that the landowner was negligent per se because the landing where he fell met neither the requirements of city building code nor the UBC. *Id.* at 694–95. The plaintiff argued that the landowner had an obligation to know of the violations and could not simply rely on one inspector as proof that the landing was safe. *Id.* at 694.

> The supreme court disagreed, stating
>
> [u]nder [plaintiff's] theory, every landlord or owner would be required to re-inspect his/her building after the certified building inspector issued an occupancy permit and inspection report. Failure to do so could leave the landlord or owner liable under a negligence per se claim, if an inspector failed to identify a UBC violation and a tenant was injured.

*Id.* at 694–95. In reaching its conclusion, the *Bills* court relied on *Alderman's Inc. v. Shanks* 536 N.W.2d 4 (Minn.1995). In *Alderman's Inc.,* the supreme court concluded that a landowner was not liable under a negligence per se theory of recovery for uncited fire-code violations because a fire inspector inspected the building but did not cite as a violation certain nonconforming conditions. *Id.* at 9–10. Based in part on its earlier analysis in *Alderman's Inc.,*

the *Bills* court stated that a landlord or owner is not negligent per se for a code violation unless:

(1) the landlord or owner knew or should have known of the Code violation; (2) the landlord or owner failed to take reasonable steps to remedy the violation; (3) the injury suffered was the kind the Code was meant to prevent; and (4) the violation was the proximate cause of the injury or damage.

*Bills*, 547 N.W.2d at 695. As a result, the supreme court modified the negligence per se doctrine as it relates to landlord/tenant law by adopting a standard that

links the negligence per se and common law landlord/tenant standards [finding liability when the landlord/landowner knew or should have known of a danger] into one that defines a fair and just result.

*Id.* at 695. The *Bills* court concluded that when a landlord or landowner who lacks actual notice of a code violation and reasonably relies on the inspection report of a state building inspector who issued an occupancy permit, the landlord or landowner cannot be held liable under a theory of negligence per se for a code violation that was not cited. *Id.* Thus, under *Bills*, a landowner relying on an official inspection lacks constructive notice of a code violation. Although *Bills* involved a negligence per se claim, the knowledge requirement originated from common law and we are unable to articulate a principled distinction between per se and common law negligence theories for the purposes of this analysis. Therefore, it follows that if the facts alleged failed to fulfill the knowledge requirement under negligence per se theory, identical facts asserted as common law negligence likewise fail.

Because, like *Bills*, appellants have not alleged that the Hances had actual notice of the code violations, and, like *Bills*, this action involved reliance on an official inspection, we conclude that the district court did not err by applying the supreme court's reasoning in *Bills* to appellants' common-law negligence claim.

## II.

 Appellants argue that in addition to the district court's erroneous application of the legal standard, hidden dangerous conditions existed in the common areas of the apartment building and in respondent Klosterman's apartment, creating issues of material fact in dispute sufficient to defeat summary judgment. Specifically, appellants allege that the Hances (1) improperly installed a smoke detector in a common hallway, (2) failed to install a smoke detector in respondent Klosterman's apartment, and (3) created a fire hazard by failing to remove glass windows and transoms in the common areas and over the doors.

But appellants do not create a fact issue sufficient to defeat summary judgment because appellants failed to show that the Hances knew or should have known that any dangerous conditions existed in the apartment building. In addition, because we conclude that a landowner who lacks actual notice of a code violation and reasonably relies on an official inspection cannot be held liable under either an ordinary common-law negligence standard or a negligence-per-se standard, we conclude that the mere presence of glass transoms and the mere absence of a detector in respondent Klosterman's apartment, neither cited in the fire marshal's report, do not create material fact issues sufficient to defeat summary judgment. Nor does appellant cite facts supporting the conclusion that the Hances should have known that the conditions were "dangerous." Thus, appellants attempt to create a fact issue where none exists, which is insufficient to

survive summary judgment. *See Hunt v. IBM Mid Am. Employees Fed. Credit Union,* 384 N.W.2d 853, 855 (Minn.1986) (to successfully oppose summary judgment, a party must show the facts which create an issue for trial).

■ Appellants also contend that the Hances, by their direct actions, had constructive knowledge that smoke detectors in common areas of the apartment building were improperly installed. *See Wolvert v. Gustafson,* 275 Minn. 239, 241–42, 146 N.W.2d 172, 173–74 (Minn.1966) (explaining a landowner has constructive knowledge of a dangerous condition resulting from the direct actions of the landowner or his or her employees). The record shows that the Hances had hardwired smoke detectors installed in the common hallways in 1997. The detectors were installed 18 inches below the ceiling in violation of the fire code, which requires installation of detectors on the ceiling.

But we conclude that the rule set forth in *Wolvert* is inapplicable to this case. A smoke detector installed 18 inches below the ceiling, in violation of the fire code, is not, in and of itself, a "dangerous condition" as a matter of law. *Cf. Sutherland v. Barton* 570 N.W.2d 1, 7–8 (Minn.1997) (electrified, exposed buss bars constituted dangerous condition); *Lillemoen v. Gregorich,* 256 N.W.2d 628, 630–31 (Minn.1977) (icy exterior stairway a dangerous condition); *Messner v. Red Owl Stores Inc.,* 238 Minn. 411, 415, 57 N.W.2d 659, 662 (1953) (banana peels on floor a dangerous condition); *Hansen v. City of St. Paul,* 298 Minn. 205, 209, 214 N.W.2d 346, 349 (1974) (vicious dogs prowling public sidewalk constituted dangerous condition); *Gutbrod v. County of Hennepin,* 529 N.W.2d 720, 724 (Minn.App.1995) (one-inch crack in center of roadway not a dangerous condition); *Cobb v. State, Dept. of Natural Resources* 441 N.W.2d 839, 841–42 (Minn.App.1989)

(dock not a dangerous condition where wave hit dock causing plaintiff to fell off unstable section); *Oakland v. Stenlund,* 420 N.W.2d 248, 251 (Minn.App.1988) (basement stairs in violation of building code did not constitute dangerous condition), *review denied* (Minn. Apr. 20, 1988). Accordingly, we conclude that a smoke detector improperly installed by the Hances does not create a material fact in dispute sufficient to defeat summary judgment.

### III.

■ Appellants argue that incomplete discovery precluded the district court from granting summary judgment in favor of the Hances. Appellants filed several affidavits with their motion in opposition to summary judgment, including an affidavit signed by their attorney, which outlined specific depositions he sought. *See* Minn. R. Civ. P. 56.06 (allowing a court to continue a summary judgment motion to allow additional discovery where the non-moving party is unable to present facts essential to its opposition to the motion). The district court made no findings on this issue, but did not defer its decision or grant a continuance.

■ This court will not overturn the district court's refusal to grant a continuance absent an abuse of discretion. *Dunshee v. Douglas,* 255 N.W.2d 42, 45 (Minn.1977). In determining whether to grant a continuance for further discovery, we should consider whether the party seeking the continuance has been "diligent in obtaining or seeking discovery prior to its Rule 56.06 motion" and whether the party is acting in the good faith belief that material facts will be uncovered, and not just "engaging in a fishing expedition." *Rice v. Perl,* 320 N.W.2d 407, 412 (Minn. 1982).

Here, appellants argue that summary judgment was premature because their counsel and counsel for the Hances agreed to wait until respondent Klosterman was added to the case as a party before conducting the depositions noted by appellants' counsel. Klosterman was served with an amended summons and complaint on February 16, 2000, and answered the complaint on March 24, 2000. On June 21, 2000, almost three months later, the Hances served their motion for summary judgment, to be heard July 25, 2000.

By the time the Hances' summary-judgment motion was heard, more than five months had passed since Klosterman was served. Nothing in the record suggests that appellants attempted to take depositions during this period. Based on these facts, while we might have reached a different result on the issue of a continuance, we cannot say that the district court abused its discretion declining to grant a continuance to permit further discovery.

## DECISION

The district court did not err by applying the supreme court's reasoning in *Bills* to appellants' common-law negligence claim. The existence of certain code violations did not constitute material facts in dispute sufficient to defeat summary judgment. Allegations of incomplete discovery were not sufficient to preclude the district court's grant of summary judgment in favor of the Hances.

**Affirmed.**