# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2374
_____

Michael A. Oien

*Plaintiff - Appellant*

v.

Home Depot U.S.A., Inc., a Delaware Business Corporation, doing business as The
Home Depot; Stanley Access Technologies, LLC, a Delaware LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 15, 2023
Filed: June 2, 2023

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Michael Oien commenced this negligence and product liability action against
Home Depot U.S.A., Inc. ("Home Depot") and Stanley Access Technologies, LLC
("Stanley"), alleging he was injured by an automatic sliding door while walking out

of a Home Depot retail store. Oien appeals the district court's[1] adverse grant of summary judgment. We affirm.

## I.    BACKGROUND

In April 2020, Oien loaded the purchases he made at a Home Depot store in Maplewood, Minnesota, on two flat carts. A Home Depot employee assisted Oien by pushing one of the carts out of the store while Oien followed, pushing the other. The exit doors automatically opened for the Home Depot employee and then closed while Oien was exiting the store, tearing Oien's right rotator cuff and causing other injuries. Oien alleged his injuries were caused by the door prematurely closing. The doors at issue were manufactured, installed, and serviced by Stanley.

Oien commenced this action in state court in Minnesota, which defendants removed to federal court. In his complaint, Oien alleged a negligence claim against Home Depot and claims of strict product liability, negligence, and breach of express and implied warranties against Stanley. After discovery had closed and summary judgment briefing was completed, the only expert evidence introduced into the record was a report submitted by defense counsel, which opined the doors were not defective or in an unsafe condition at the time of the incident.

The district court granted summary judgment in favor of the defendants on all claims. Specifically, the court found that Oien did not introduce any evidence, other than his own self-serving statements, to show the automatic doors closed prematurely. Stated differently, the court found Oien had failed to satisfy his burden of establishing there was a dangerous condition, and the doctrine of *res ipsa loquitur* could not cure this fundamental flaw in Oien's negligence claim. In addition, the court found Oien had failed to bring forth any evidence indicating the inspection procedures used by Home Depot were unreasonable or inadequate, or that a

---

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota.

reasonable inspection would have put Home Depot on notice of the alleged dangerous condition. Finally, the district court found the claims against Stanley failed because Oien had not (1) identified any evidence—expert or otherwise—establishing the doors were defective and unreasonably dangerous; (2) shown a defect existed when the doors left Stanley's control; or (3) demonstrated a defect in the doors caused Oien's injuries.

On appeal, Oien asserts the district court erred in three ways: (1) when it found no breach of the standard of care, despite deposition testimony from Home Depot's corporate designee regarding inadequate inspections and safety testing; (2) when it decided there was no genuine issue of material fact as to whether the doors closed prematurely; and (3) when it incorrectly applied the doctrine of *res ipsa loquitur*.

## II.    DISCUSSION

In this diversity action, we review *de novo* the district court's application of state law, its conclusions of law, and its grant of summary judgment. Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) (citation omitted). This standard does not allow us to "weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." Id. (quoting Thomas v. Corwin, 483 F.3d 516, 526 (8th Cir. 2007)). If, after viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact then the moving party is entitled to summary judgment. Id. (citing Fed. R. Civ. P. 56(c)). When assessing materiality, "the substantive law will identify which facts are material." Schilf v. Eli Lilly & Co., 687 F.3d 947, 949 (8th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The parties agree that Oien's claims are controlled by Minnesota law.

In his opening brief (or reply brief), Oien did not specify any alleged errors by the district court regarding the court's analysis of his claims against Stanley. Oien has waived any arguments regarding the dismissal of his claims against Stanley. See

Gareis v. 3M Co., 9 F.4th 812, 819 n.4 (8th Cir. 2021) (declining to consider issues not raised in the appellants' opening brief).

Turning to the claims against Home Depot, Oien contends summary judgment was inappropriate because there is a genuine dispute among the parties regarding whether (1) the doors closed prematurely, and (2) Home Depot breached its duty of care to reasonably inspect the premises and remedy or warn of a dangerous condition. To establish a negligence claim, four elements must be shown: (1) the existence of a duty of care; (2) a breach of that duty; (3) proximate causation; and (4) injury. Bjerke v. Johnson, 742 N.W.2d 660, 664 (Minn. 2007). Oien's negligence claim fails at the second element. Summary judgment in favor of a defendant is appropriate "when the record reflects a complete lack of proof" on any element. Senogles v. Carlson, 902 N.W.2d 38, 42 (Minn. 2017) (citation omitted).

A business's duty to its customers is well settled in Minnesota. Property owners have a duty to keep and maintain their premises in a reasonably safe condition. Wolvert v. Gustafson, 146 N.W.2d 172, 173 (Minn. 1966); see Bonniwell v. St. Paul Union Stockyards Co., 135 N.W.2d 499, 502 (Minn. 1965) (noting reasonable inspection is a duty incident to the maintenance of the premises). The duty embodies the concept of reasonableness and does not obligate a business to be "an insurer of the safety of business invitees." Wolvert, 146 N.W.2d at 173; see Norman v. Tradehome Shoe Stores, Inc., 132 N.W.2d 745, 748 (Minn. 1965) (stating a shopkeeper "owes his customers ordinary care"). If a reasonable inspection would not reveal a dangerous condition, the owner is not liable under the theory of negligence for any physical injury caused by the dangerous condition. Olmanson v. LeSueur Cnty., 693 N.W.2d 876, 881 (Minn. 2005).

To survive summary judgment, Oien was required to submit evidence creating a genuine issue of material fact demonstrating Home Depot either caused a dangerous condition on its premises, or knew, or should have known, that the condition existed. Norman, 132 N.W.2d at 749. Oien offered no evidence that Home Depot caused the alleged dangerous condition or that it had actual knowledge

of the existence of the alleged dangerous condition. Instead, he argued that Home Depot should have known of the existence of the problem with the automatic doors. But Oien did not retain an expert. Nor did he offer evidence demonstrating that Home Depot should have known the automatic doors might close while a customer was entering or exiting the store. After Oien called Home Depot to report the incident, Home Depot's assistant store manager tested the doors by walking up to them and pausing by them. She found the doors were opening and closing correctly. The other evidence in the record regarding the condition of the doors derives from an expert retained by Home Depot, who opined there is no evidence the door was in an unsafe condition at the time of the incident and, if it was in an unsafe condition, there is no evidence Home Depot knew or should have known of the unsafe condition. Oien offered no evidence to support his assertion that the doors closed prematurely or to refute the defendants' evidence.

Under Minnesota law, "[n]egligence must be predicated on what should have been reasonably anticipated and not merely on what happened." Id. (citing Johnson v. Evanski, 22 N.W.2d 213, 215 (Minn. 1946)). A business's "duty to keep premises reasonably safe for customers is to guard, not against all possible consequences, but only against those which are reasonably to be anticipated in the normal course of events." Id. Oien's assertion of the "mere occurrence" of an accident is insufficient to establish Home Depot breached its duty to keep its store reasonably safe. See Bisher v. Homart Dev. Co., 328 N.W.2d 731, 733 (Minn. 1983) (determining plaintiff failed to present competent evidence to support a negligence claim after tripping and falling into a planter in a shopping mall when the planter was in plain view, obvious in its presence, had presented no prior issues for the heavy customer traffic that existed since 1977); Pape v. Macks, LLC, No. A10-1417, 2011 WL 1466433, *3 (Minn. Ct. App. Apr. 19, 2011) (unpublished) (requiring the plaintiff, who was injured when a glass shower door in a hotel room fell and struck his foot, to offer some evidence that an inspection of the door would have revealed the alleged defect).

Because Oien did not submit any evidence indicating the automatic sliding doors were unsafe or an inspection of the doors would have revealed the alleged dangerous condition, Home Depot is entitled to summary judgment on Oien's negligence claim. See Hess v. Union Pac. R.R. Co., 898 F.3d 852, 857 (8th Cir. 2018) (Once the movant demonstrates the absence of a genuine issue of material fact, the other side must identify specific facts showing there is a genuine issue for trial beyond showing "some metaphysical doubt as to the material facts" (citations omitted)).

Further, the facts here do not warrant application of *res ipsa loquitur*. To apply the doctrine, a plaintiff must show that the accident was (1) of a kind which ordinarily does not occur in the absence of negligence; (2) caused by an instrument within the defendant's exclusive control; and (3) not due to plaintiff's conduct. Staub as Trustee of Weeks v. Myrtle Lake Resort, LLC, 964 N.W.2d 613, 636 n.12 (Minn. 2021). At the summary judgment stage, Oien is not required to definitively establish each element but must point to "enough evidence that the three conditions exist so as to make it a jury question as to whether they exist or not." Stearns v. Plucinski, 482 N.W.2d 496, n.2 (Minn. Ct. App. 1992).

Oien testified during his deposition that he "walked into the door" and offered no evidence that there was a defect or other unsafe condition that caused the doors to close prematurely on him. While an automatic sliding door does not ordinarily close while someone is passing through it, Oien produced no evidence, other than his mere assertions, that a door malfunction caused his injury. He has failed to satisfy his burden. See Hoven v. Rice Mem'l Hosp., 396 N.W.2d 569, 572 (Minn. 1986) ("When the injury could have been caused with substantially equal probability from other causes as well as any acts of defendants, facts, other than just the fact of injury itself from which defendant's negligence may be inferred, must exist before a *res ipsa loquitur* issue can be submitted to the jury."). The district court did not err in rejecting the application of *res ipsa loquitur* given the facts of this case.

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's decision granting summary judgment in favor of Home Depot.

_____