Karen GEARIN, Appellee,

v.

WAL–MART STORES, INC., a foreign
corporation, Appellant.

No. 94–2931.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1995.

Decided May 2, 1995.

Andrew L. Marshall, Minneapolis, MN, argued, for appellant.

William F. Bannon, Willmar, MN, argued, for appellee.

Before FAGG, MAGILL, and LOKEN, Circuit Judges.

PER CURIAM.

Karen Gearin slipped and fell on a patch of ice in the parking lot of a Minnesota Wal–Mart store. Asserting that Wal–Mart Stores, Inc. caused the accident by negligently maintaining the parking lot, Gearin brought this diversity action against Wal–Mart to recover damages for injuring her back and neck when she fell. After a trial, the jury found Wal–Mart was partially at fault for the accident and awarded Gearin damages, and the district court entered judgment on the verdict. Wal–Mart then moved for judgment as a matter of law, or, in the alternative, a new trial. The district court denied the motions. Wal–Mart appeals, and we affirm.

■ Wal–Mart contends the district court should have granted Wal–Mart judgment as a matter of law because the patch of ice Gearin slipped on was open and obvious, and Gearin actually saw the ice before she stepped on it. Wal–Mart argues it had no duty to protect Gearin from this obvious, visible hazard. Under Minnesota law, however, Wal–Mart has a duty to use reasonable care to protect its customers from even obvious hazards on Wal–Mart's property, if Wal–Mart should anticipate the hazards might cause an injury. *Adee v. Evanson*, 281 N.W.2d 177, 179–80 (Minn.1979); *Block v. Target Stores, Inc.*, 458 N.W.2d 705, 711 (Minn.Ct.App.1990). In slip-and-fall cases like this one, it is proper to let the jury decide whether the property owner should have foreseen that people might injure themselves on visible ice patches on the property. *See Peterson v. W.T. Rawleigh Co.*, 274 Minn. 495, 144 N.W.2d 555, 557–58 (1966). We thus reject Wal–Mart's argument that Wal–Mart owed no duty of care to Gearin, as a matter of law, because the ice was obvious.

■ Wal–Mart also argues that because Gearin actually saw the ice before stepping on it, Gearin assumed the risk of falling on the ice, and thus Gearin cannot recover anything from Wal–Mart. We disagree. In order to assume a risk, a person must know of the risk, appreciate the risk, and have a choice to avoid the risk but voluntarily choose to chance the risk. *Andren v. White–Rodgers Co.*, 465 N.W.2d 102, 104–05 (Minn. Ct.App.1991). At trial, Gearin stated she saw a patch of ice and tried to walk around it, but failed to avoid the patch completely and fell. Gearin's boyfriend, who was with her when she fell, testified Gearin could have avoided the ice by walking a short distance around it. Despite Gearin's evident carelessness, a reasonable jury could find Gearin did not assume the risk of slipping and falling because she did not voluntarily step on the ice, but instead tried to walk around it and stepped on it unintentionally. *See id.* The district court correctly concluded Wal–Mart was not entitled to judgment as a matter of law simply because the ice was obvious and Gearin saw the ice.

■ Wal–Mart next contends the district court should have granted Wal–Mart judgment as a matter of law because Gearin failed to present any evidence that Wal–Mart knew or should have known about the patch of ice. Gearin had the burden to prove that Wal–Mart actually knew about the patch of ice or that the ice patch had been in the parking lot long enough for Wal–Mart to

218

discover the ice through reasonable inspection and take steps to protect customers from the hazard. *See Berry v. Haertel*, 284 Minn. 400, 170 N.W.2d 558, 561–62 (1969); *Wolvert v. Gustafson*, 275 Minn. 239, 146 N.W.2d 172, 173–74 (1966). Contrary to Wal–Mart's contention, we conclude Gearin presented enough evidence to allow a reasonable jury to find that Wal–Mart should have discovered the ice and Wal–Mart had an opportunity to take corrective action before Gearin's accident. Gearin presented testimony that it had not snowed for two or three days before the accident, it had been very cold, the area where Gearin fell looked like cars had driven over it, and the parking lot was in substantially the same condition just after Gearin's accident as it had been several hours earlier that day. The denial of Wal–Mart's motion for judgment as a matter of law was proper.

■ We now turn to Wal–Mart's appeal from the denial of its new trial motion. Wal–Mart argues we should order a new trial because Gearin's attorney improperly prevented Wal–Mart from obtaining X-rays taken by Gearin's chiropractor, the attorney's misconduct impaired Wal–Mart's ability to defend against Gearin's claim, and the district court did not take adequate steps to remedy the prejudice to Wal–Mart. We review the district court's denial of the new trial motion for an abuse of discretion. *Morrison v. Mahaska Bottling Co.*, 39 F.3d 839, 845 (8th Cir.1994) (per curiam).

The day after Gearin fell at Wal–Mart, Gearin's chiropractor took X-rays of Gearin's back and neck. According to the chiropractor, the X-rays show some of Gearin's vertebrae were twisted and her spine was abnormally tipped to the left. The chiropractor began treating Gearin regularly, and agreed to serve as her expert witness in this lawsuit. The chiropractor also referred Gearin to a neurologist, who reviewed the X-rays and sent the chiropractor a letter stating the X-rays were "unremarkable."

Wal–Mart's expert witness examined Gearin about a year after her accident. Although he found some minor abnormalities in her back and neck at that time, he did not see any twisted vertebrae or tipping of the spine.

The attorneys videotaped the depositions of both expert witnesses to present to the jury. During his deposition, the chiropractor revealed he was relying on the X-rays as a basis for his expert opinion about the nature and extent of Gearin's injuries. Because Wal–Mart's attorney did not know until the deposition that the chiropractor was going to rely on the X-rays, Wal–Mart's attorney had not yet requested to see the X-rays.

The next day, Wal–Mart's attorney contacted the chiropractor to obtain the X-rays for use during the deposition of Wal–Mart's expert witness. Gearin had already signed a written authorization for release of her medical records, but instead of turning over the X-rays, the chiropractor called Gearin's attorney. Gearin's attorney told the chiropractor to bring the X-rays to his law office, and the chiropractor complied. Although Wal–Mart's attorney asked Gearin's attorney to bring the X-rays to the deposition, Gearin's attorney refused to hand over the X-rays without a court order, and the deposition proceeded without Wal–Mart's expert's having a chance to examine the X-rays.

Wal–Mart never asked the district court to order production of the X-rays and grant a continuance for Wal–Mart's expert to review the X-rays. Instead, Wal–Mart asked the district court to sanction Gearin by entirely excluding the chiropractor's testimony or by instructing the jury that they could infer the X-rays were unfavorable to Gearin's position. After discussing the matter with the attorneys and reviewing written memoranda on the issue, the district court concluded that although Gearin's attorney had acted improperly, it was not appropriate to force Gearin to present her case without the chiropractor's testimony. The district court thus allowed Gearin's attorney to present the chiropractor's videotaped deposition to the jury. At the end of trial, however, the district court instructed the jury that Gearin's attorney had improperly withheld the X-rays and that the jury could infer the X-rays were unfavorable to Gearin's case.

Like the district court, we believe Gearin's attorney acted improperly. Gearin's attor-

ney should not have interfered when Wal–Mart attempted to obtain the X-rays from Gearin's chiropractor. Gearin already had authorized release of the records, and Gearin's attorney had no valid reason to prevent Wal–Mart from examining and using the X-rays. Further, Gearin's attorney had the X-rays with him at the deposition of Wal–Mart's expert witness, but Gearin's attorney did not reveal he had brought the X-rays until the deposition was over and the witness had left. If Gearin's attorney had revealed at the beginning of the deposition that he had the X-rays with him, Wal–Mart's attorney could have called the district court to settle the dispute right then, rather than deposing the witness without the X-rays. It appears that Gearin's attorney deliberately and without justification prevented Wal–Mart from obtaining relevant evidence. *See Young v. City of New Orleans,* 751 F.2d 794, 797 (5th Cir.1985) (upholding sanction for failure to produce expert witnesses' medical reports until eve of trial).

Despite the shenanigans of Gearin's attorney, the district court did not abuse its discretion by denying Wal–Mart's new trial motion. A new trial is required only when necessary to avoid a miscarriage of justice. *McKnight v. Johnson Controls, Inc.,* 36 F.3d 1396, 1400 (8th Cir.1994). The district court is in the best position to evaluate how severely an attorney's misconduct prejudices the opposing party during a trial. *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1179 (3d Cir.1993).

According to Wal–Mart, the only way the district court could have adequately protected Wal–Mart from the prejudicial effects of the attorney misconduct in this case was by granting Wal–Mart's motion to exclude completely the chiropractor's testimony. Because the district court allowed Gearin to present the chiropractor's videotaped deposition, Wal–Mart argues a new trial is required. Having carefully reviewed the record, we disagree. First, the prejudice Wal–Mart faced was not as severe as Wal–Mart claims. We recognize that without the X-rays, Wal–Mart's expert was unable to express an opinion about Gearin's condition shortly after her fall, because Wal–Mart's expert did not examine Gearin until about a year after the accident. Wal–Mart argues the X-rays would have revealed the injuries described by the chiropractor never existed, and would have allowed Wal–Mart's expert to discredit the chiropractor's testimony. Wal–Mart did inform the jury about the neurologist's statement that the X-rays were "unremarkable," and this statement certainly suggests the neurologist did not believe the X-rays showed the injuries described by the chiropractor. Thus, although Wal–Mart's expert did not review the X-rays, Wal–Mart was able to use another doctor's opinion to cast doubt on the chiropractor's testimony about Gearin's medical condition shortly after her accident.

Second, the district court reduced the potential prejudice to Wal–Mart by instructing the jury that because Gearin's attorney had withheld the X-rays, the jury could infer the X-rays were unfavorable to Gearin's case. Wal–Mart's attorney stressed the curative instruction during his closing argument. We also note that although the district court probably had the authority to exclude the chiropractor's testimony, *see Dillon v. Nissan Motor Co.,* 986 F.2d 263, 267–68 (8th Cir.1993), forcing Gearin to present her case without any testimony from the chiropractor would have been an extremely harsh sanction. The chiropractor was both her treating physician and her only expert witness.

In examining the overall fairness of the trial, it is also relevant that Wal–Mart could have protected itself against any possible prejudice by obtaining a court order for production of the X-rays and a continuance for Wal–Mart to redepose its expert witness. Wal–Mart never requested a court order or a continuance. *See Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 962 (10th Cir.1993) (failure of party seeking new trial to request continuance, when continuance would have cured prejudice, is important factor on appeal). Considering the full context of the trial, we conclude there was no miscarriage of justice, and the district court did not abuse its discretion in denying Wal–Mart's new trial motion.

We conclude the district court correctly denied Wal–Mart's motion for judgment as a

matter of law, and the district court did not abuse its discretion in refusing to grant Wal–Mart a new trial. We thus affirm the district court.