United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3614

_____

| | | |
|---|---|---|
| Arvin Buchholz, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Rockwell International Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 21, 1997

Filed: July 23, 1997

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Arvin Buchholz appeals from the judgment entered by the district court[1] on the jury's verdict in favor of Rockwell International Corporation (Rockwell). We affirm.

---

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

Buchholz brought suit against Rockwell under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), alleging that Rockwell refused to hire him as a test technician because of his age after he was terminated from his previous position during a reduction in force.

On appeal, Buchholz challenges the denial of his motion for a new trial, a ruling which we review for abuse of discretion. See Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 218 (8th Cir. 1995) (per curiam). "A new trial is required only when necessary to avoid a miscarriage of justice," id. at 219, and "inaccuracies or errors at this stage of the proceeding should not form the basis for setting aside verdicts, unless prejudicial error is shown." Greyhound Lines, Inc. v. Miller, 402 F.2d 134, 143 (8th Cir. 1968).

## I.

Buchholz first argues that the district court should have granted his motion for a new trial based on Rockwell's failure to disclose certain items during discovery.

### A.  The Hill Complaint

Despite Buchholz's request for information regarding age discrimination complaints filed against Rockwell "at any time since January 1, 1985," and a magistrate judge's order compelling an answer to that request, Rockwell failed to disclose an age discrimination complaint filed with the Equal Employment Opportunity Commission (EEOC) by John Hill, a former employee, in August of 1994. Counsel for Buchholz first learned of the Hill complaint during the first day of trial. The district court ordered Rockwell to produce the Hill file immediately and asked counsel for Buchholz what other relief he sought. Counsel requested that Rockwell be ordered to provide the name of a "mystery witness" mentioned in an EEOC questionnaire that Hill completed in October of 1994. Rockwell complied. The court advised that it "would certainly give the Plaintiff more than the usual reign [sic], so to speak, on rebuttal if something

develops on this." The court also expressed its willingness to recess the trial to resolve the issue of the mystery witness.

The district court granted Buchholz's request that he be permitted to take the deposition of the mystery witness. In a telephone conference following the deposition, counsel for Buchholz informed the court that he did not intend to call the witness, explaining that although the information, if available earlier, might have affected Buchholz's approach, "at this point given the fact that much of [the witness's] testimony is not directly relevant to the test tech position, but rather to other positions at Rockwell," Buchholz would not call the person as a witness at trial.

Although Buchholz contends that had he known about the Hill complaint, he might have altered trial preparation and strategy decisions, he had the opportunity to review the witness's testimony before the completion of the trial and to request relief. See Atlas Pile Driving Co. v. DiCon Fin. Co., 886 F.2d 986, 997 (8th Cir. 1989) (party's ample opportunity at trial to examine belatedly disclosed evidence was factor to consider in appeal from denial of new trial motion); compare Greyhound, 402 F.2d at 144 (records were not given to defendant until after conclusion of trial). He received all the relief he requested, chose to forego using the witness's testimony, and did not move for a continuance or mistrial or request any other form of relief the district court might have fashioned to alleviate any possible harm. See Bunting v. Sea-Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996); Gearin, 53 F.3d at 219; Birchem v. Burlington Northern R.R. Co., 812 F.2d 1047, 1050 (8th Cir. 1987).

Moreover, we agree with the district court that the witness's deposition testimony was not as indicative of discrimination as initially anticipated and thus would not have been as helpful as expected. Accordingly, we conclude that the district court did not abuse its discretion in declining to grant Buchholz a new trial on this ground.

## B. The Courtier Notes

Buchholz requested "[a]ll documents that set out or reflect why Plaintiff was not hired . . . ." Despite this request, Rockwell failed to disclose notes taken by human resources specialist Lynn Courtier during her interviews with the supervisors who failed to hire Buchholz. The notes were referred to on the third day of the five-day trial when human resources specialist Charlene Boardman (testifying in place of Courtier) stated that she had reviewed them in preparation for testifying. On the fourth day of trial, the district court ordered Rockwell to produce the notes. Buchholz asserts that the notes could have been used as a discovery tool and to impeach the testimony of several Rockwell employees.

We conclude that the district court did not abuse its discretion in denying Buchholz's motion for a new trial on this ground. Counsel for Buchholz became aware of the notes on February 2, 1994, more than a year prior to trial, when during her deposition Courtier responded to several questions by saying, "I would have to refer to my notes," and disclosed that the notes were stored in her office. Counsel for Buchholz replied, "I would assume that we are going to be requesting those." Buchholz's awareness of the existence of the notes more than a year prior to trial erodes his claim that he was prejudiced by their belated disclosure. See Birchem, 812 F.2d at 1050 (new trial not warranted where moving party was aware of substance of unavailable witness's testimony months before trial and failed to depose witness or to move for continuance); cf. Myers v. Norfolk Livestock Mkt., Inc., 696 F.2d 555, 558 (8th Cir. 1982) (no abuse of discretion in denying motion for continuance where party knew of documents two months prior to trial and made no effort to obtain them).

Furthermore, the notes were ultimately disclosed, and Buchholz had the opportunity to use them at trial, which he declined. Compare Greyhound, 402 F.2d at 144 (undisclosed records not made available to defendant until after trial). Moreover, Buchholz did not call any of several witnesses who could have testified regarding their knowledge of the events mentioned in the notes, nor did he move for a continuance,

mistrial, or any other relief.  See Gearin, 53 F.3d at 219; Birchem, 812 F.2d at 1050. Finally, as the district court noted, it is possible that Buchholz's decision not to use the notes was a tactical decision, as the notes contained information detrimental to Buchholz's case.

## II.

Buchholz next argues that he is entitled to a new trial based on the district court's refusal to give a mixed motive jury instruction.  Under the mixed motive analysis of Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), once the plaintiff adduces evidence showing that the employer's decision was motivated by an illegitimate criterion, the burden shifts to the employer to establish that it would have taken the same action in the absence of discrimination.  See Philipp v. ANR Freight Sys., Inc., 61 F.3d 669, 673 (8th Cir. 1995).  To merit a Price Waterhouse instruction, Buchholz must adduce evidence "'showing a specific link between the discriminatory animus and the challenged decision,' 'sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the challenged decision.'" Id. (quoting Stacks v. Southwestern Bell Yellow Pages, Inc., 996 F.2d 200, 201 n.1, 202 (8th Cir. 1993)).  Stray remarks by nondecisionmakers and statements by decisionmakers unrelated to the decisionmaking process are insufficient to establish this necessary link.  See id.

Buchholz contends that when he inquired as to why he was not hired for a test technician position, the hiring supervisor commented to the effect that the "young kids" whom he hired "sure were sharp."  Buchholz argues that this comment showed a specific link between a discriminatory animus and the supervisor's decision not to hire him.  In our view, however, this comment alone, if in fact made, would not entitle Buchholz to a Price Waterhouse instruction.  Although purportedly made by a decisionmaker, the comment did not link Buchholz's nonselection with a discriminatory animus suggesting that the decisionmaker considered improper factors.  Rather, it

constituted an innocuous comment on the abilities of the new hires, whom the sixty-two-year-old supervisor simply described as "young kids." See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438-39 (9th Cir. 1990) (decisionmaker's comment that he chose another applicant because he was "a bright, intelligent, knowledgeable young man" was nothing more than a stray comment). The district court therefore did not err in declining to give a Price Waterhouse instruction.

## III.

Buchholz argues that there was insufficient evidence to support a verdict in favor of Rockwell, contending that Rockwell failed to offer any evidence rebutting Buchholz's prima facie case of discrimination. Under the burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), after the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, nondiscriminatory reason for its adverse action. See Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir. 1997) (en banc), cert. denied, 65 U.S.L.W. 3854 (U.S. June 27, 1997). "This burden is not onerous," Hayes v. Invesco, Inc., 907 F.2d 853, 855 (8th Cir. 1990), and the explanation need not be demonstrated by a preponderance. See id. "The defendant need not persuade the court that it was actually motivated by the proffered reasons." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Rather, "[i]t is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against plaintiff," id. at 254-55, that "would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 257. If the defendant offers a facially nondiscriminatory explanation, regardless of its persuasiveness, the presumption in plaintiff's favor evaporates and it is left for the trier of fact to determine whether the plaintiff has proven that the defendant's action was motivated by discrimination. See Ryther, 108 F.3d at 836.

In explaining why they failed to hire Buchholz, the supervisors to whom his resume was routed testified that they did not remember ever receiving his resume and therefore did not consider him for a test technician position. Relying on Turnes v. AmSouth Bank, N.A., 36 F.3d 1057 (11th Cir. 1994), Buchholz argues that because the managers testified that they could not remember seeing Buchholz's resume, Rockwell failed to rebut Buchholz's prima facie case with specific evidence of why he was not hired. In Turnes, AmSouth admitted the plaintiff was interviewed, but the interviewer could not recall why she did not recommend hiring him. The Eleventh Circuit held that because AmSouth "came forward with no explanation of why it rejected Turnes based on what it knew when it rejected him," the plaintiff's prima facie case remained unrebutted. Id. at 1062.

Buchholz's reliance on Turnes is misplaced, for Rockwell's hiring supervisors did not claim that they could not remember why they considered but did not hire Buchholz. Rather, they explained that they did not even remember receiving his resume and that this was the reason they did not consider him. This explanation constituted an articulation of a specific, nondiscriminatory reason for Rockwell's failure to hire Buchholz that raised a question of fact regarding Rockwell's motivation. See Considine v. Newspaper Agency Corp., 43 F.3d 1349, 1364 (10th Cir. 1994) (hiring manager's testimony that he was unaware plaintiffs had applied for positions raised question of fact regarding whether failure to hire plaintiffs was motivated by discrimination and thus satisfied employer's burden of production).

## IV.

Buchholz argues that the district court abused its discretion in admitting his applications for various positions at Rockwell and the reasons for his nonselection for those positions, contending that this evidence was irrelevant because it pertained to positions other than that of test technician. Buchholz, however, opened the door to this evidence by mentioning that he had applied for positions other than test technician, by

describing his past experience at Rockwell and introducing favorable evaluations that he had received in previous positions, and by recounting his conversation with a hiring supervisor in which he expressed his dismay at not being hired as a test technician despite "everything [he] did." The district court therefore did not abuse its broad discretion in admitting the applications and the reasons for Buchholz's nonselection for the other positions. See Paul v. Farmland Indus., Inc., 37 F.3d 1274, 1277 (8th Cir. 1994).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.