# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1398

_____

Eunice Greaser,                          *
                                         *
            Plaintiff/Appellant,         *
                                         *
      v.                                 *
                                         *
State of Missouri, Department of         *
Corrections; Dora Schriro; George        *
Lombardi; Sarah Schuette; Gerald         *
Higgins; Kelly Lock; Michael Groose;     *   Appeals from the United States
Vernon Heath; Lawrence Bax; Cecil R.     *   District Court for the
Riley; James Cregger, Bill Keeth;        *   Western District of Missouri.
Robert Walling,                          *
                                         *
            Defendants/Appellees,        *
                                         *
Carl White,                              *
                                         *
            Defendant,                   *
                                         *
Phillip Higgins,                         *
                                         *
            Defendant/Appellee.          *
_____

No. 97-1405

_____

Eunice Greaser,                          *
                                         *
            Plaintiff/Appellee,          *

|                                                    |     |
| -------------------------------------------------- | --- |
|                                                    | *   |
| v.                                                 | *   |
|                                                    | *   |
| State of Missouri, Department of                   | *   |
| Corrections; Dora Schriro; George                  | *   |
| Lombardi; Sarah Schuette; Gerald                   | *   |
| Higgins; Kelly Lock; Michael Groose;               | *   |
| Vernon Heath; Lawrence Bax; Cecil R.               | *   |
| Riley; James Cregger, Bill Keeth,                  | *   |
|                                                    | *   |
| Defendants/Appellants,                             | *   |
|                                                    | *   |
| Robert Walling,                                    | *   |
|                                                    | *   |
| Defendant,                                         | *   |
|                                                    | *   |
| Carl White; Phillip Higgins,                       | *   |
|                                                    | *   |
| Defendants/Appellants.                             | *   |

_____

Submitted: February 12, 1998

Filed: June 1, 1998

_____

Before WOLLMAN and HANSEN, Circuit Judges, and DAVIS,[1] District Judge.

_____

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, sitting by designation.

WOLLMAN, Circuit Judge.

Eunice Greaser appeals from the judgment entered by the district court[2] on the jury's verdict in favor of the Missouri Department of Corrections and various individually named employees of the Department (hereinafter referred to collectively as "the Department") in her Title VII retaliation claim. The Department cross-appeals, contending that the district court abused its discretion in denying costs pursuant to Fed. R. Civ. P. 54(d). In addition, the Department moves for revocation of Greaser's *in forma pauperis* status. We affirm.

**I.**

Greaser began working for the Missouri Department of Corrections in 1980. After serving as a correctional officer at the Renz Correctional Center for four years, Greaser left to care for her seriously ill husband. She returned to employment with the Department in 1986 as a correctional officer at the Central Missouri Correctional Center.

In 1990, Greaser was subjected to inappropriate comments made by a co-worker, Robert Walling. As a result of these comments, Greaser filed an internal sexual harassment grievance against Walling. The Department investigated the situation and, having found reason to believe Greaser's allegation, demoted Walling and transferred him to another correctional facility.[3]

---

[2]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]Walling was apparently promoted to his previous rank approximately twenty months after his demotion.

After filing the grievance against Walling, Greaser continued to work for the Department until 1995. During that time, Greaser sought various promotional opportunities within the Department. Although she was a candidate for approximately thirty positions at twelve different correctional institutions and interviewed with approximately seventy Department officials regarding these positions, Greaser was not offered a promotion. As a result, Greaser began to suspect that various Department officials were retaliating against her because of her 1990 grievance and Walling's subsequent demotion. This suspicion was also based on Greaser's belief that she was being mistreated by co-workers, supervisors, and Department officials.

In light of this perceived retaliation, Greaser initiated this claim alleging that the Department had retaliated against her in violation of Title VII of the Civil Rights Act of 1964. At trial, Greaser testified that she believed that she was denied promotions, given unfavorable duty assignments, and belittled and ostracized by various fellow employees and supervisors because of the grievance she had filed in 1990. The Department offered testimony indicating that Greaser was denied promotions not for retaliatory reasons but because she interviewed poorly. At the close of Greaser's case in chief, the district court entered judgment as a matter of law (JAML) in favor of in favor of Dora Schriro and another of the individually named defendants. The case against the other named defendants was submitted to the jury, which returned a verdict in favor of each defendant. The district court denied Greaser's motion for a new trial. Shortly thereafter, the Department sought costs in the amount of $6,798.99. Greaser objected to the Department's bill of costs and requested that she be granted leave to proceed *in forma pauperis*. The district court rejected the Department's application for costs and ordered that the parties each bear their own costs. In addition, the court granted Greaser leave to proceed *in forma pauperis*.

On appeal, Greaser contends that the district court erred in denying her motion for a new trial because: (1) the verdict was against the weight of the evidence; (2) the instructions were erroneous; and (3) the verdicts were inconsistent. In addition, she

-4-

challenges the district court's grant of JAML in favor of Dora Schriro. The Department

s denial of costs and seeking revocation of

Greaser's                    status.

## II.

her motion for a new trial. We review the denial of a motion for a new trial for abuse

discretion. ___ Buchholz v. Rockwell Int'l Corp.                              .

1997). A new trial is req

See _____, 961 F.2d 776, 780 (8th Cir. 1992). Moreover, we have recognized

ding should not form the basis for

setting                                    is shown." Buchholz

(quoting Greyhound Lines, Inc. v. Miller

## A.

Greaser first contends that a new trial is necessary because the jury's

against the weight of the evidence. Where a motion for a new trial is based on such a

Keenan v. Computer Associates Int'l, Inc., 13 F.3d 1266, 1269 (8th Cir.

Peterson ex rel. Peterson v. General Motors Corp.                              .

1990)).

various individuals who interviewed Greaser testified that she was denie

promotions not because of any retaliatory motive but because she did not interview well.

individuals testified that Greaser appeared to lack self-confidence and ha

difficulty answering the most basic of questions in a satisfactory manner. Moreover, a

harassment grievance filed by Greaser when they interviewed her or when they failed to recommend her for promotion.

Greaser would have us disregard this testimony and rely instead on her assurances to the jury that she interviewed well. She argues that the Department's claim that she interviewed poorly is entirely subjective and easy to manufacture. Thus, she asserts that such testimony is inherently suspect and must be "closely scrutinized for discriminatory abuse." O'Connor v. Peru State College, 781 F.2d 632, 637-38 (8th Cir. 1986). The duty of close scrutiny was for the jury, however, and although the jury was at liberty to disbelieve the testimony of Department officials, it was also entitled to find that testimony credible, as it apparently did.

Similarly, Greaser's other arguments are little more than an invitation to determine the credibility of witnesses, which was again a task for the jury to perform. See Manatt v. Union Pac. R.R. Co., 122 F.3d 514, 518 (8th Cir. 1997), cert. denied, 118 S. Ct. 697 (1998). We conclude that the jury's verdict does not constitute a miscarriage of justice and that the district court did not abuse its discretion in denying the motion for a new trial.

**B.**

Greaser also asserts that she is entitled to a new trial because the district court improperly instructed the jury. Jury instructions are a matter generally within the broad discretion of the district court. See Ryther v. KARE 11, 108 F.3d 832, 845-46 (8th Cir. 1997) (en banc), cert. denied, 117 S. Ct. 2510 (1997). We will reverse only if the instructions, when viewed in their entirety, contain "an error or errors that affected the substantial rights of the parties." Id. at 846 (quoting Hastings v. Boston Mut. Life Ins. Co., 975 F.2d 506, 510 (8th Cir. 1992)). The instructions need not be technically perfect or even a model of clarity. See id. Furthermore, the fact that a trial court erred in giving or not giving a particular instruction to the jury does not automatically entitle

a party to relief; the error must be prejudicial.  See Stockmen's Livestock Market, Inc. v. Norwest Bank of Sioux City, N.A., 135 F.3d 1236, 1246 (8th Cir. 1998).

Greaser concedes that she made no objection to the instructions.  Rule 51 of the Federal Rules of Civil Procedure provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."  Fed. R. Civ. P. 51.  The purpose of this rule "is to compel litigants to afford the trial court an opportunity to cure [a] defective instruction and to prevent litigants from ensuring a new trial in the event of an adverse verdict by covertly relying on the error."  Dupre v. Fru-Con Engineering, Inc., 112 F.3d 329, 333 (8th Cir. 1997) (quoting Missouri Pac. R.R. v. Star City Gravel Co., 592 F.2d 455, 459 (8th Cir. 1979)).  Thus, where no adequate objection is made to preserve a purported error in instructions, we review for plain error only.  Plain error review is "narrow and confined to the exceptional case where error has seriously affected the fairness, integrity, or public reputation of the judicial proceedings."  Ryther, 108 F.3d at 847 (quoting Des Moines Bd. of Water Works Trustees v. Alvord, 706 F.2d 820, 824 (8th Cir. 1983)).  Having reviewed the challenged instructions, we conclude that no such error occurred here.   See Ryther, 108 F.3d at 847.

## C.

Greaser also contends that she is entitled to a new trial because the jury rendered inconsistent verdicts.  The morning following trial, the district court held an unrecorded telephone conference call during which the court apparently told the parties that certain members of the jury had expressed sympathy for Greaser.  Greaser claims that these statements by members of the jury constitute a "special verdict" that is inconsistent with the general verdict returned by the jury.  No record of the conference call exists, however, and thus we have no way to review this issue.  See Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987).

## III.

As her final point on appeal, Greaser challenges the district court's grant of JAML in favor of Dora Schriro. We review a district court's grant of JAML de novo, applying the same standard as that employed by the district court. See Manning v. Metropolitan Life Ins. Co., Inc., 127 F.3d 686, 689 (8th Cir. 1997). We resolve all doubts in favor of the nonmoving party and give that party the benefit of all reasonable inferences. See Brown v. United Missouri Bank, N.A., 78 F.3d 382, 387 (8th Cir. 1996). "We will affirm a grant of JAML where the nonmoving party has presented insufficient evidence to support a jury verdict in [her] favor." Manning, 127 F.3d 689-90.

To prevail on a retaliation claim under Title VII, a plaintiff must demonstrate that she suffered an adverse employment action. "Although actions short of termination may constitute an adverse employment action within the meaning of the statute, 'not everything that makes an employee unhappy is an actionable adverse action.'" Id. at 692 (quoting Montandon v. Farmland Indus., Inc., 116 F.3d 355, 359 (8th Cir. 1997)). "Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'" Smart v. Ball State University, 89 F.3d 437, 441 (7th Cir. 1996) (quoting Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996)). Rather, for an action to be considered adverse, it must have had a materially adverse impact on the plaintiff's employment terms or conditions. See Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997).

We conclude that the evidence against Schriro fails as a matter of law to demonstrate an adverse employment action. Greaser contends that Schriro, who became director of the Central Missouri Corrections Center in 1993, improperly handled grievances that Greaser filed in 1993, 1994, and 1995, and that Schriro's failure to do so constituted an adverse employment action. However, Greaser is unable

to point to any evidence supporting this allegation. The evidence shows that Schriro undertook to have the grievances investigated. Although Greaser takes issue with the conclusions Schriro reached, she has produced no evidence indicating that Schriro's conclusions were tainted by some impermissible motive or ungrounded in fact.

Greaser contends that two separate statements made by Schriro evidence an adverse employment action. First, Greaser alleges that when she approached Schriro about the status of her grievances, Schriro (apparently believing that Greaser was near tears) asked Greaser if she would like a facial tissue. Greaser interpreted this statement as a sarcastic barb regarding Greaser's propensity to complain. Second, Greaser contends that Schriro at one point told her she might want to resign "before someone gets hurt."

We conclude that these two statements do not rise to the level of adverse employment action. Greaser does not allege that Schriro played any role in denying her promotional opportunities or in denying her any incident of employment. Likewise, Greaser failed to produce any evidence indicating that the statements were even remotely linked to Greaser's 1990 grievance against Walling.

## IV.

On cross-appeal, the Department argues that the district court abused its discretion in denying costs pursuant to Fed. R. Civ. P. 54(d), which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule represents a codification of the "presumption that the prevailing party is entitled to costs." Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party. See Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997). We review the district

court's denial of costs for abuse of discretion.  See Milton v. City of Des Moines, 47 F.3d 944, 947 (8th Cir. 1995).

There is no dispute that the Department is a "prevailing party" within the meaning of Rule 54(d).  The Department argues that, because of the presumption favoring an award of costs to the prevailing party, the district court's discretion to deny costs is narrow and that costs should be denied only if there is some misconduct or other action worthy of penalty on the part of the prevailing party.

As we held in Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989), however, this argument "overlooks the fact that . . . Fed R. Civ. P. 54(d) [is] phrased in permissive terms."  Id. at 443.  See also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party").  We are satisfied that the district court did not abuse its discretion in denying costs in the circumstances of this case.

## V.

Finally, the Department brings a motion seeking revocation of Greaser's *in forma pauperis* status.  The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997).  The decision of whether to grant or deny *in forma pauperis* status under section 1915 "is within the sound discretion of the trial court" and is reviewed for abuse of discretion.  Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

The Department contends that Greaser is not indigent and that her affidavit filed in support of her motion for leave to proceed *in forma pauperis* is at best incomplete and at worst blatantly false.  In support of this contention, the Department points out that Greaser's affidavit failed to reveal that her husband had earned in excess of

-10-

$10,000 during the first three quarters of 1997, stating instead that her husband was "unemployed." Thus, the Department contends that revocation of Greaser's *in forma pauperis* status is mandated by 28 U.S.C. § 1915(e)(2), which provides, in part: "[T]he court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue."

The inaccuracies cited by the Department were brought to the district court's attention. The court was therefore aware that Greaser's financial resources were understated in her affidavit, but nevertheless found that she was indigent. We conclude that this finding was not clearly erroneous and that the decision to grant *in forma pauperis* status to Greaser was not an abuse of discretion. See Cross, 721 F.2d at 1157.

The judgment is affirmed. The Department's motion to revoke Greaser's *in forma pauperis* status is denied.

A true copy.

        Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-