**Carla CRUZAN, Plaintiff,**

v.

**MINNEAPOLIS PUBLIC SCHOOL SYSTEM, Special School District No. 1, Defendant.**

**No. CIVA00–1544.**

United States District Court, D. Minnesota.

Sept. 5, 2001.

---

Gregory R. Troy, Esq., St. Paul, MN,
Francis J. Manion, Esq., American Center
for Law and Justice—Midwest, New Hope,
KY, for plaintiff.

Donald M. Lewis, Esq., Sandra L. Conroy, Esq., Halleland, Lewis, Nilan, Sipkins
& Johnson P.A., Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the defendant's motion for summary judgment.

A teacher brought this case against the school district because she believes that she has been discriminated against on the basis of her religion and gender. The teacher could not show that she had been the victim of discrimination. Therefore, based on the review of the file, record, and proceedings herein, the court grants defendant's motion.

## BACKGROUND

Debra Davis began working for the Minneapolis School District ("school district") in approximately 1969 as David Nielsen. In February or March of 1998, Davis informed the administration at Southwest High School that she was transgendered and planned to "transition from male to female" in the workplace.

The school district collaborated with Davis, its legal counsel, the Southwest Parent Teacher Association, the parents of Southwest students, psychologists and others to plan for Davis's transition. Some faculty members, including Carla Cruzan ("Cruzan"), expressed concern about the transition. When the plaintiff asked whether Davis would be allowed to use the female restrooms in the school, she was informed that "other arrangements" would be made. However, legal counsel informed the school district that under Minnesota law Davis had the right to use the "gender appropriate" restroom. The school district thus allowed Davis to use the female faculty restroom after her transition, which took place in the spring of 1998.

Several months later, in October of the following school year, Cruzan encountered Davis in the female faculty restroom. Cruzan immediately complained to the principal, Dr. Robert McCauley, about seeing Davis in the restroom. Because they were in the hallway among students, Dr. McCauley asked Cruzan to either wait in his office or make an appointment to discuss the matter. Cruzan did not approach Dr. McCauley about these concerns again.

Cruzan filed a complaint with the Minnesota Department of Human Rights. The Minnesota Department of Human Rights determined that there was "No Probable Cause" to believe that an unfair discriminatory practice had occurred and dismissed Cruzan's charge. (See Conroy Aff., Ex. F.) Plaintiff then requested a Right to Sue letter from the Equal Employment Opportunity Commission. After the letter was issued, plaintiff filed this lawsuit under both Title VII and the Minnesota Human Rights Act ("MHRA") alleging claims of religious discrimination and hostile work environment sexual discrimination.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party bears the burden of demonstrating to the court that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 250, 106 S.Ct. 2505.

On a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences without assessing credibility. See Miller v. Nat'l Cas. Co., 61 F.3d 627,

628 (8th Cir.1995). The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Moreover, if a party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *See id.* at 322–23, 106 S.Ct. 2548. Summary judgment is therefore appropriate when the plaintiff fails to establish a genuine issue of material fact on any element of a prima facie case. *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 762 (8th Cir.1995). With this standard at hand, the court considers Metro's motion for summary judgment.

## II. Religious Discrimination

■ To establish a claim of religious discrimination, Cruzan must prove that: (1) she had a bona fide religious belief that conflicted with an employment practice; (2) she informed the school district of her belief; and (3) she suffered an adverse employment action. *See Seaworth v. Pearson Autobody,* 203 F.3d 1056 (8th Cir. 2000), *cert. denied,* 121 S.Ct. 226 (2000). An employer need not accommodate a purely personal preference. *Brown v. General Motors Corp.,* 601 F.2d 956, 958 (8th Cir.1979).

■ Cruzan asserts that her religious beliefs do not permit her to share a private facility, such as a restroom, with members of the opposite sex. The court does not need to conclude whether or not this is a bona fide religious belief since Cruzan cannot establish the other elements of a prima

facie claim of religious discrimination. Specifically, Cruzan fails to establish: (1) notice to the school district; and (2) the occurrence of an adverse employment action. *See Seaworth,* 203 F.3d at 1056.

■ Religious conflicts with employment must be communicated to the employer in order to encourage satisfactory arrangements of reasonable accommodation. *Johnson v. Angelica Uniform Group, Inc.,* 762 F.2d 671, 673 (8th Cir. 1985) (holding that an employee who had a religious conflict with her employment duties was required to communicate her concerns to her employer in order to attempt to work out an arrangement satisfactory to both parties); *Chrysler Corp. v. Mann,* 561 F.2d 1282, 1286 (8th Cir.1977) ("[w]here, as here, an employee is disinterested in informing his employer of his religious needs and will not attempt to accommodate his own beliefs through the means already available to him or cooperate with his employer in its conciliatory efforts, he may forego the right to have his beliefs accommodated by his employer").

Plaintiff asserts that the school district should have known about her religious concerns through her complaint filed with the Minnesota Department of Human Rights. However, the record reflects that, while Cruzan had ample opportunity to directly inform the school district of the school policy's conflict with her religious belief, she failed to do so.[1] The court concludes that plaintiff has not established that she informed the school district of the conflict with her religious beliefs.

■ Plaintiff also fails to meet her burden of showing the existence of an adverse employment action. For an employment

---

1. For example, after she encountered Davis in the female faculty restroom, Dr. McCauley invited Cruzan to go to his office or to make an appointment to discuss further this matter. (*See* McCauley Dep. at 46; Pl's. Dep. at 100.)

There is no evidence that plaintiff ever made such an appointment or otherwise attempted to communicate the religious nature of her concerns to the school district before filing a complaint with a third party.

action to be considered adverse, it must have a material affect on the terms or conditions of employment. *Cross v. Cleaver*, 142 F.3d 1059, 1073 (8th Cir.1998). An action involving nothing more than a mere inconvenience without any diminution in title, salary or benefits is insufficient to establish an adverse employment action. *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir.1994). "Not everything that makes an employee unhappy is an actionable adverse action ... otherwise, minor and even trivial employment actions ... would be the basis of a discrimination suit." *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 984 (8th Cir.1998).

Davis's use of the female faculty restroom has no effect on Cruzan's title, salary or benefits. Cruzan did not even notice Davis was using this restroom until several months had elapsed. Cruzan also concedes that she currently uses another restroom in the building that is closer to her classroom and that Davis does not use it. (Pl.'s Dep. at 74.) Moreover, the record reflects that there are several other restrooms, including a private unisex restroom, available to plaintiff where plaintiff would not encounter Davis. (*See id.* at 64, 70, 74). Although Cruzan may not agree with the school district's decision to allow Davis to use the female faculty restroom, and may see it as an inconvenience, the court cannot conclude that it rises to the level of an actionable adverse employment action.

The court concludes that plaintiff has failed to establish a prima facie case of religious discrimination, and accordingly, defendant is entitled to summary judgment.

### III. Gender Discrimination—Hostile Work Environment

■ To establish a hostile work environment claim, a plaintiff must show: (1) that she is a member of a protected group;

(2) was subject to unwelcome harassment; (3) the harassment was based on her status as a member of the protected group; (4) the harassment affected a term, condition or privilege of her employment; and (5) the school district knew or should have known of the harassment and failed to take proper remedial action. *Palesch v. Missouri Com'n on Human Rights*, 233 F.3d 560, 566 (8th Cir.2000); *Williams v. Metropolitan Waste Control Com'n*, 781 F.Supp. 1424, 1426 (D.Minn.1992); *Wayne v. MasterShield, Inc.*, 597 N.W.2d 917 (Minn.Ct.App.1999) (in interpreting MHRA claims, Minnesota courts recognize substantial similarities between federal and state law and give strong weight to Title VII precedence). The conduct must be so severe or pervasive that it alters the conditions of employment and creates an abusive work environment. *See Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Johns v. Harborage I, Ltd.*, 585 N.W.2d 853, 861 (Minn.Ct.App.1998). Whether an environment is hostile or abusive is determined by looking at all the circumstances, including the frequency and severity of the action and whether it unreasonably interferes with the work performance of an employee. *See Harris v. Forklift Systems*, 510 U.S. 17, 21–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In other words, the court must consider the totality of the circumstances in making a determination that a work environment is impermissibly hostile. *Id.* at 23, 114 S.Ct. 367. *See Giuliani v. Stuart Corp.*, 512 N.W.2d 589, 594 (Minn.Ct.App.1994).

■ In this case, even if plaintiff can establish the first three elements of a hostile work environment claim, the court believes that plaintiff fails to show that the alleged "harassment" affected a term, condition or privilege of her employment with such severity and pervasiveness as to alter

the conditions of her employment and create an abusive work environment. *See Jenson v. Eveleth Taconite Co.*, 824 F.Supp. 847, 884–85 (D.Minn.1993). The record does not support a determination, and plaintiff fails to show, that allowing Davis to use the female faculty restroom has created a working condition that rises to the level of an abusive environment. In fact, Cruzan acknowledges that she did not even notice Davis's use of this restroom for several months. Moreover, Cruzan has the option of using the female faculty restroom used by Davis or using other restrooms in the school not used by Davis. In sum, the court concludes that the conditions as alleged by plaintiff are insufficient to establish an objectively hostile workplace environment. *See Harris*, 510 U.S. at 23, 114 S.Ct. 367.[2]

In conclusion, the court believes that since plaintiff has failed to meet her burden of establishing a prima facie case of hostile environment gender discrimination, defendant is entitled to summary judgment as a matter of law.

### CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment is granted; and

2. Plaintiff's claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**2.** The court is unconvinced that the pending Minnesota Supreme Court case of *Goins v. West Group* is particularly useful or relevant on the specific facts here. *See Goins v. West Group*, 619 N.W.2d 424, 429 (Minn.Ct.App. 2000). In particular, the court notes that unlike the plaintiff in *Goins*, Cruzan has a choice of restrooms and is not being *denied* access to any workplace facility on the basis of her gender.