# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3417

_____

| | | |
|---|---|---|
| Carla Cruzan, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Special School District, #1; | * | |
| Dr. Robert McCauley, principal, in | * | |
| his official and individual capacity, | * | Appeal from the United States |
| | * | District Court for the District |
| Appellees. | * | of Minnesota. |
| _____ | * | |
| | * | [PUBLISHED] |
| American Civil Liberties Union; | * | |
| Outfront Minnesota; Gay, Lesbian | * | |
| and Straight Education Network of | * | |
| Minnesota; Harry Benjamin | * | |
| International Gender Dysphoria | * | |
| Association; National Center for | * | |
| Lesbian Rights, | * | |
| | * | |
| Amicus on Behalf | * | |
| of Appellee, Special | * | |
| School District, #1. | * | |

_____

Submitted:  June 12, 2002

Filed:  June 20, 2002

_____

Before HANSEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Carla Cruzan, a female teacher at Minneapolis Special School District, #1, brought this action alleging the school district discriminated against her on the basis of her sex and her religion by allowing a transgendered coworker to use the women's faculty restroom. The district court[*] granted summary judgment to the school district. Cruzan v. Minneapolis Pub. Sch. Sys., 165 F. Supp. 2d 964 (D. Minn. 2001). Cruzan appeals, and we affirm.

David Nielsen began working for the school district in 1969. Nearly thirty years later, in early 1998, Nielsen informed school administration that he was transgendered, that is, a person who identifies with and adopts the gender identity of a member of the other biological sex. Nielsen informed administration he would "transition from male to female" and be known as Debra Davis in the workplace. To plan for the transition, the school district collaborated with Davis, legal counsel, the parent teacher association, students' parents, and psychologists. Cruzan asked whether Davis would be allowed to use the school's women's restrooms, and administration informed her other arrangements would be made. Later, legal counsel informed the school that under the Minnesota Human Rights Act (MHRA), which prohibits discrimination on the basis of a person's "self-image or identity not traditionally associated with one's biological maleness or femaleness," Minn. Stat. § 363.01 subd. 45 (1998), Davis had the right to use the women's restroom. Thus, after Davis's transition in the spring of 1998, the school district permitted Davis to use the women's faculty restroom.

_____

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

A few months later, in October 1998, Cruzan entered the women's faculty restroom and saw Davis exiting a privacy stall. Cruzan immediately left, found the principal in the hallway among students, and complained about encountering Davis in the restroom. The principal asked Cruzan to either wait in his office or to make an appointment to discuss the matter. Cruzan did not do so, and never approached the principal about her concerns again.

Instead, Cruzan filed a complaint with the Minnesota Department of Human Rights, which dismissed Cruzan's charge, concluding there was no probable cause to believe an unfair discriminatory practice had occurred. The Department stated the MHRA neither requires nor prohibits restroom designation according to self-image of gender or according to biological sex. See Goins v. West Group, 635 N.W.2d 717, 723 (Minn. 2001) (stating same). After exhausting administrative remedies, Cruzan filed this action under Title VII and the MHRA asserting claims of religious discrimination and hostile work environment sex discrimination. Davis retired in 2001.

We review the district court's grant of summary judgment de novo, and affirm if the evidence, viewed in the light most favorable to Cruzan, shows there is no genuine issue of material fact and the school district is entitled to judgment as a matter of law. Rheineck v. Hutchinson Tech., Inc., 261 F.3d 751, 755 (8th Cir. 2001).

To establish a prima facie case of religious discrimination, Cruzan had to show she had a bona fide religious belief that conflicted with an employment requirement, she informed the school district of her belief, and she suffered an adverse employment action. Seaworth v. Pearson, 203 F.3d 1056, 1057 (8th Cir. 2000) (per curiam). The district court concluded that assuming without deciding Cruzan had a bona fide religious belief that conflicted with the restroom policy, she failed to inform the school district of her belief and did not suffer an adverse employment action because of it. Cruzan, 165 F. Supp. 2d at 967-68.

-3-

Although Cruzan expressed general disapproval of Davis's transition and the school district's decision to allow Davis to use the women's faculty restroom, Cruzan did not disclose or discuss the reason for her disapproval with her employer beyond asserting her personal privacy. Cruzan argues that she met the notice requirement by completing paperwork for her MDHR charge. We disagree. Even assuming such paperwork could satisfy the notice requirement, the school district did not receive the MDHR intake questionnaire until the discovery phase of this litigation, and Cruzan's MDHR charge of discrimination alleges sex discrimination, not religious discrimination.

To show she suffered an adverse employment action, Cruzan had to establish a "'tangible change in duties or working conditions that constitute a material employment disadvantage.'" Cossette v. Minnesota Power & Light, 188 F.3d 964, 972 (8th Cir. 1999) (quoting Manning v. Metropolitan Life Ins. Co., 127 F.3d 686, 692 (8th Cir. 1997)). Mere inconvenience without any decrease in title, salary, or benefits is insufficient to show an adverse employment action. Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994). Here, it is undisputed that Davis's use of the female staff restroom had no effect on Cruzan's title, salary, or benefits. Cruzan concedes that to avoid sharing a restroom with Davis, she used the female students' restroom, which is closer to her classroom and was never used by Davis. Single-stall, unisex bathrooms are also available. We thus agree with the district court that the school district's decision to allow Davis to use the women's faculty restroom does not rise to the level of an actionable adverse employment action. Because Cruzan failed to establish a prima facie case of religious discrimination, the district court properly granted summary judgment to the school district on this claim.

To establish a sexual harassment claim based on hostile work environment, Cruzan had to show, among other things, that the harassment affected a term, condition, or privilege of her employment. Rheineck, 261 F.3d at 755. The

harassment must be so severe or pervasive that it alters the conditions of employment and creates an abusive working environment. Id. at 756. To make this showing, Cruzan had to establish the school was "permeated with discriminatory intimidation, ridicule, and insult." Id. at 756-57. Courts examine the totality of the circumstances, and consider whether a reasonable person would have found the environment hostile or abusive. Id. at 757. We agree with the district court that Cruzan failed to show the school district's policy allowing Davis to use the women's faculty restroom created a working environment that rose to this level. Cruzan, 165 F. Supp. 2d at 968-69. The school district's policy was not directed at Cruzan and Cruzan had convenient access to numerous restrooms other than the one Davis used. Cruzan does not assert Davis engaged in any inappropriate conduct other than merely being present in the women's faculty restroom. Given the totality of the circumstances, we conclude a reasonable person would not have found the work environment hostile or abusive.

Cruzan argues it is an abuse of the summary judgment procedure for a male judge to decide that reasonable women could not find their working environment is abusive or hostile when they must share bathroom facilities with a coworker who self-identifies as female, but who may be biologically male. No case law supports Cruzan's assertion, however. Judges routinely decide hostile environment sexual harassment cases involving plaintiffs of the opposite sex.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-